### DISTRICT OF COLUMBIA v. NORTH-EASTERN CONST. CO.
### No. 6050.

Court of Appeals of the District of Columbia.

Argued Feb. 14, 1934.

Decided April 9, 1934.

William W. Bride and Elwood H. Seal, both of Washington, D. C., for appellant.

Roger O'Donnell, Thomas W. O'Brien, and Lambert O'Donnell, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment in favor of -appellee construction company for the balance due on a building contract.

It appears that appellee entered into a contract with the District of Columbia for the erection of a school building. Paragraph 25 of the specifications, upon which appellee company's bid was made, and subsequently the contract entered into, reads as follows: "25. *Cement.*—All cement to be used in the work, unless otherwise herein described, shall be Portland cement, furnished to the contractor by the District of Columbia at its property yard (located at 14th & D Sts. SW.). Cement will be furnished in sacks at the rate of $2.75 per barrel net. Sacks will be charged for at the rate of 11¢ each, and for those returned to the District of Columbia in good condition and carefully bundled, refund will be made at the same rate."

Some doubt arose as to the exact construction of this paragraph of the specifications. Whether or not it meant $2.75 per barrel, with 44 cents additional for the four sacks; or whether there would be a rebate or refund to the contractor of 44 cents from each barrel of cement purchased, leaving the net cost of the cement at $2.31.

The vice president of plaintiff corporation went to the municipal architect's office for the purpose of obtaining a construction of paragraph 25 of the specifications. He

was referred to the specification writer in the office for construction of this paragraph. He was first advised that the cost would be $2.75 per barrel, plus 44 cents for the sacks, or $3.19 per barrel, from which a refund would be allowed for each sack returned in good condition. When informed by appellee company': representative that the interpretation could not be correct, since Portland cement was on sale in the open market for $2.70 per barrel, including cost of sacks, the officer telephoned to some one in the municipal architect's office, after which he informed appellee's representative that the correct interpretation of paragraph 25 was that cement would cost the contractor $2.75 per barrel in four sacks, less 11 cents for each sack returned in good condition, making the price $2.31 per barrel, after all the sacks were so returned. It was on this basis that appellee corporation's bid was computed.

On settlement, the District charged as the contract price $2.75 per barrel for the cement, plus 44 cents per barrel for the sacks, allowing 11 cents per sack for the sacks returned in good condition. This suit is to recover the difference based upon a rate of $2.75 per barrel, less the deduction of 11 cents per sack for the sacks returned; or, where sacks were returned, a net price for the cement of $2.31 per barrel.

From a judgment in favor of the appellee company, plaintiff below, the District appeals.

 The court below admitted evidence as to the market price of cement in the District of Columbia of the grade required in the specifications, which was shown to be $2.70 per barrel, delivered in sacks, four sacks to the barrel, with a refund of 10 cents for each sack returned in good condition, making the net cost per barrel of cement bought in the open market $2.30 per barrel. The language here used in the specification was to some extent ambiguous, and it was proper for the court to admit evidence in aid of the interpretation of the contract. "It is a fundamental rule that in the construction of contracts the courts may look not only to the language employed, but to the subject-matter and the surrounding circumstances, and may avail themselves of the same light which the parties possessed when the contract was made." Merriam v. United States, 107 U. S. 437, 2 S. Ct. 536, 540, 27 L. Ed. 531. See, also, United States v. Gibbons, 109 U. S. 200, 3 S. Ct. 117, 27 L. Ed. 906.

With this undisputed evidence before the court, as to the market value of cement of the quality specified at that time in the District of Columbia, it is hardly conceivable that it was even intended by the District authorities that the price should be $2.75 per barrel, plus the sacks; and it is inconceivable that appellee construction company, posted as its officers must have been in the matter of prices, would have entered into a contract on any such basis.

The decision of the court, to whom the case was tried on waiver of a jury, is correct, and in accordance with substantial justice.

The judgment is affirmed, with costs.