**COLE et al. v. ZELLAN.**

No. 557.

Municipal Court of Appeals for the District of Columbia.

Nov. 6, 1947.
Rehearing Denied Dec. 12, 1947.

---

[14] Thurston v. Anderson, D.C.Mun.App., 40 A.2d 342.

[15] See Roberts v. Casey, 36 Cal.App. Supp.2d 767, 93 P.2d 654.

Byron G. Carson, of Washington, D. C., for appellants.

Harry Friedman, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit for damages for breach of contract. Jacob L. Zellan, who was defendant below, built a home for plaintiffs and sold it to them. Included in the sales contract was a warranty reading: "Provided further that the basement shall be dry and shall remain dry for a period of three years."

Plaintiffs moved into the house in September 1941 and soon afterwards the basement became wet. They first complained of the condition to defendant in November 1941. In the ensuing eighteen months defendant made several attempts to remedy the condition but did not succeed. On June 18, 1943 defendant discontinued his efforts. Plaintiffs contended that on that date defendant refused to do anything further about the wet basement; while defendant contended plaintiffs refused to let him go on with the work. The trial judge did not decide as to that particular issue but ordered judgment for defendant on the ground that the suit, which was commenced December 4, 1944, was barred by limitations,[1] as contended by defendant.

We think the decision was wrong. It is the law in this jurisdiction that the statute of limitations runs against a claim for breach of warranty from the time the buyer discovers the breach or, by the exercise of ordinary diligence, could have discovered it.[2] But that general rule does not fit the circumstances of this case, because here, for a long time after the breach was discovered, the statute was rendered inoperative by the conduct of defendant himself.

This warranty was prospective. It was not limited to a present fact but concerned also future events by which its performance could be tested and ascertained.[3] This we think is the only construction which can be placed upon the words "the basement shall be dry and shall remain dry for a period of three years." Nor was the conduct of either party in any way inconsistent with or repugnant to such construction. Plaintiffs regarded the warranty as a continuing one[4] and elected to treat the first wetting as evidence of only a partial or intermediate breach of the warranty.[5] That defendant took the same view of the matter is indicated by his accepting responsibility and by his numerous attempts to make the basement dry during the ensuing eighteen months. Had defendant at that time repudiated the warranty or refused to do any work on the basement a different situation would be

---

[1] Code 1940, § 12—201, requires suits of this class to be brought within three years from the time the cause of action accrues.

[2] P. H. Sheehy Co. v. Eastern Importing & Mfg. Co., 44 App.D.C. 107, L.R.A. 1916F, 810.

[3] Sweet v. Watson's Nursery et al., 23 Cal.App.2d 379, 73 P.2d 284; Union Sugar Co. v. Hollister Estate Co., 3 Cal. 2d 740, 47 P.2d 273; Crawford v. Duncan, 61 Cal.App. 647, 215 P. 573. See also 75 A.L.R. 1086.

[4] See Greenly v. Shelmidine, 83 App.Div. 559, 82 N.Y.S. 176. See also Williston on Contracts, Rev.Ed. (1938) § 2027.

[5] See Union Sugar Co. v. Hollister Estate Co., supra; Ross v. Tabor, 53 Cal. App. 605, 200 P. 971; Benton v. Roberts, 41 Ga.App. 189, 152 S.E. 141.

518

presented, for such repudiation or abandonment has been held to set the statute of limitations in motion.[6] But, as we have seen, defendant as well as plaintiffs treated the warranty as being open and effective, and for some eighteen months defendant proceeded on the theory that the defect could be repaired and was making continuing efforts to do so. While this was going on the statute was tolled.[7] Defendant kept on with this work until June 18, 1943, a year and a half before the suit was filed. On that date he discontinued his efforts to make the warranty good. We think it is not greatly important whether defendant then repudiated the contract or was refused permission to do any further work on the property. In either view it must be held that the warranty and the remedy for its breach had by the conduct of both parties been kept alive and that the statute did not commence to run against plaintiffs' cause of action until the work was finally stopped on June 18, 1943. That was the date of the ultimate breach. It follows that plaintiffs' suit, filed on December 4, 1944, was not barred by limitations.

Reversed.

---

[6] Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700; Woodward-Wight & Co. v. Engel Land & Lumber Co., 123 La. 1093, 49 So. 719. See also City of Seattle v. Puget Sound Power & Light Co., 9 Cir., 15 F.2d 794, certiorari denied 273 U.S. 752, 47 S.Ct. 456, 71 L. Ed. 874.

[7] Louisville Silo & Tank Co. v. Thweatt, 174 Ark. 437, 295 S.W. 710; Greenly v. Shelmidine, 83 App.Div. 559, 82 N.Y.S. 176; Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700; Woodward-Wight & Co. v. Engel Land & Lumber Co., 123 La. 1093, 49 So. 719; Heath v. Moncrieff Furnace Co., 200 N.C. 377, 156 S.E. 920, 75 A.L.R. 1082. See also Sewall Paint & Glass Co. of Texas v. Booth Lumber & Loan Co., Tex.Civ.App., 34 S.W.2d 650, affirmed Sewell Paint & Glass Co. of Texas v. Booth Lumber & Loan Co., Tex. Com.App., 50 S.W.2d 793.