**JAY'S RESTAURANT, Inc. v. JACK STONE CO., Inc.**

No. 729.

Municipal Court of Appeals for the District of Columbia.

Dec. 22, 1948.

Mark P. Friedlander, of Washington, D.C. (Leroy A. Brill, of Washington, D.C., on the brief), for appellant.

Merle Thorpe, Jr., of Washington, D.C. (Hogan & Hartson, of Washington, D.C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The question before us on this appeal is whether the trial court improperly excluded evidence which would have explained a claimed ambiguity in a written contract.

The suit was for the contract price of $1472, covering the erection of an electric sign in front of defendant's restaurant. The contract was in evidence, as was a somewhat detailed plan which accompanied it. The contract stated separately the cost of the sign at $780 and the cost of lighting at $692, the latter item being described as "Cold Cathode Lighting consisting of one line white and one line rose pink on mid-point ground, separate switching in prepared cove."

One of the defenses stated in the answer was that plaintiff had "failed to substantially perform the contract." To support such defense plaintiff's manager was asked on cross-examination about the cathodes used in the sign and he explained the difference between cathodes and cold cathodes. He was then asked if it were not a fact that he had in submitting his prices represented that a certain number of feet of cold cathodes would be used and whether or not it was a fact that he had used less. The question was objected to on the ground that such evidence would alter the terms of the written contract, and the objection was sustained. Defendant then offered to prove that plaintiff had represented that a certain

number of feet of cold cathodes would be necessary and that the contract price had been based on the use of a certain number of feet; that in fact less footage of cold cathodes was used than represented and that plaintiff had promised to refund the difference or adjust the price. The record recites that the objection was sustained and the evidence excluded on the ground that the contract could not be varied by parol "as to the amount or price of cold cathodes to be used."

■ We think defendant should have been permitted to develop this line of evidence and to show if it could that there was a latent ambiguity in the contract as to the number of feet of cathodes to be used in the construction of the sign.

" * * * the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proved by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the writing to be a complete and final statement of the whole of the transaction between them." [1]

■ From our examination of the contract and plan we cannot tell with any assurance how many feet of cathodes were to be used. Nor do we think the trial court could do so without first hearing testimony interpretive of the contract and plan. If such evidence had been received it might have developed that there was no ambiguity and that the footage of cathodes was clear. If so defendant would not have been permitted to vary the terms of the two writings by parol. If not the rule we have stated above would apply. See District of Columbia v. Northeastern Const. Co., 63 App. D.C. 175, 70 F.2d 779; Wardman v. Hanlon, 52 App.D.C. 14, 280 F. 988, 26 A.L.R. 1249; O'Hanlon v. Grubb, 38 App.D.C. 251, 37 L.R.A.,N.S., 1213. Therefore, since the trial judge could not determine in advance of any inquiry on the subject that the contract was free of ambiguity he should have permitted the line of questioning attempted by appellant.

Reversed.

---

[1] Mitchell v. David, D.C.Mun.App., 51 A.2d 375.