38

**H. HERFURTH, Jr., Inc. v. ACKER.**

No. 9963.

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1949.

Decided June 6, 1949.

Rehearing Denied Sept. 12, 1949.

Mr. Lowry N. Coe, Washington, D. C., for appellant.

Mr. Geoffrey Creyke, Jr., Washington, D. C., with whom Messrs. Minor Hudson, Rowland F. Kirks and Andrew A. Lipscomb, Washington, D. C., were on the brief, for appellee.

Before EDGERTON and PROCTOR, Circuit Judges, and H. CHURCH FORD, District Judge sitting by designation.

PER CURIAM.

We find no substantial error in the record. The judgment of the District Court is therefore affirmed.

On Petition for Rehearing

EDGERTON, Circuit Judge.

Appellant contracted with the United States in February 1934, on the United States Government Form of Contract, to construct a sea wall. In March 1934 appellee contracted with appellant to "furnish all labor, equipment, tools and materials, except otherwise noted, for the entire completion of the Sea Wall . . ." On July 6, 1934 appellant informed appellee that because of appellee's slow progress appellant was exercising its contract right to take over and complete the work. In April 1938 appellant filed this suit against appellee on the subcontract. The District Court held that because the alleged breach had occurred before July 6, 1934, suit was barred by the three-year statute of limitations. 31 Stat. 1389, as amended, D.C.Code (1940) § 12—201. We think the court was clearly right.

Appellant (1) made payments to persons from whom appellee had got materials, and (2) learned the exact cost of completing appellee's work, within three years before suit was brought. But those events did not, as appellant contends, make the suit timely. They determined damages but did not cre-

ate claims. Claims arise when contracts are broken, not when the resulting damage is precisely ascertained.

■ The subcontract provides: "In the event the subcontractor causes delay to the work by failure to make satisfactory progress the Contractor shall have all the rights reserved to the [Government] in Article 9 of the Contract between the Contractor and the [Government]." Article 9 authorizes the Government to proceed in either of two ways if the contractor fails to perform promptly as the contract requires. It may permit him to continue the work and collect liquidated damages for his delay, or it may take over and complete the work and collect the excess cost. United States v. American Surety Co., 322 U. S. 96, 64 S.Ct. 866, 88 L.Ed. 1158; United States v. Cunningham, 75 U.S.App.D.C. 95, 125 F.2d 28; Maryland Casualty Co. v. United States, 93 Ct.Cl. 247. When appellee subcontractor failed to perform promptly, the subcontract and contract together gave appellant contractor this same option to determine the amount of the resulting damage in either of two ways but did not extend the time within which suit might be brought. Appellee's liability for the damage, however determined, resulting from his own breach of the subcontract did not turn the subcontract into a contract of indemnity in any usual or material sense.

■■ A promise to "furnish" labor and materials includes a promise to pay for them. United States v. U. S. Fidelity & Guaranty Co., 2 Cir., 113 F.2d 888; Seaboard Surety Co. v. Standard Accident Ins. Co., 277 N.Y. 429, 14 N.E.2d 778, 117 A.L. R. 658. When appellee failed to make due payment for materials, and thereby subjected appellant to claims of persons who had supplied them, he broke his contract with appellant. This suit was filed more than three years later. Payments which the Heard Act, 33 Stat. 811 as amended, 40 U.S.C.A. § 270 (since repealed), required appellant to make to the persons who had supplied the materials were damages caused by appellee's breach of contract. It is immaterial that these damages occurred less than three years before the suit.

The petition for rehearing is denied.