**ZELLAN v. COLE et al.**

No. 9732.

United States Court of Appeals
District of Columbia Circuit.

Decided May 15, 1950.

Mr. Harry Friedman, Washington, D. C., for appellant.

Mr. Jacob Gordon, Washington, D. C., also entered an appearance for appellant.

Mr. Byron G. Carson, Washington, D. C., for appellees.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the Municipal Court of Appeals. The question concerns the application of the statute of limitations to a cause of action for breach of a contract. The contract was for the building of a house and contained the provision: " * * * the basement shall be dry and shall remain dry for a period of three years." Such a warranty may be either an affirmation of a condition as of the date of delivery of the property or a promise to maintain, or both. Whether it is an affirmation or a promise depends upon the meaning of the contract. That meaning, of course, is to be ascertained from the words used, if it can be understood from them. If the language is ambiguous, then the intent of the parties must be ascertained by some other means. In the case at bar, we do not think that the language of the contract alone indicates whether an affirmation of fact or a promise was intended. "Shall be dry" would seem to mean an affirmation, but "shall remain dry" seems to mean a promise. So we turn to the actions of the parties in order to discern what they meant. The basement became wet within a few months after the house was completed, and the contractor, with the acquiescence of the owner, endeavored to remedy the defect. The basement repeatedly became wet, and the contractor continued to endeavor to make it dry over a period of approximately two years. The contractor then gave up his efforts, and the householder employed another contractor. It is clear from these facts that the parties took the contract to be a promise to maintain a dry basement. Under this construction, the statute of limitations began to run when the contractor abandoned his efforts. This was, in effect, the result reached by the Municipal Court of Appeals,[1] and its judgment is, therefore, affirmed.

This court does not concur in the view of the Municipal Court of Appeals that the statute of limitations began to run when the basement first became wet but was thereafter tolled by action of the parties. That view would write into the law an unrecog-

1. Cole v. Zellan, Mun.Ct.App.D.C.1947, 55 A.2d 516.

nized exception to the statute of limitations. The statute itself prescribes conditions upon which it is tolled,[2] and such other conditions as accomplish a tolling are established in the law. The cases cited by the Municipal Court of Appeals are readily distinguishable. The view of this court is that the statute began to run when the contract, interpreted according to the intent of the parties as ascertained from their actions, was breached.

Affirmed.

STEPHENS, Chief Judge.

I think that the warranty that upon completion of the house "the basement shall be dry and shall remain dry for a period of three years" is unambiguous and therefore not subject to construction, and that the parties were therefore bound by it as written. They were entitled to its advantages and subject to its burdens. The advantage of the warranty to the appellees, the Coles, was that if the warranty was performed by the appellant, Zellan, the basement would be so constructed as to be dry on completion of the house and to remain dry for three years, and the Coles would therefore be put to no trouble from either wetting or repairs; and the advantage further was that if the basement became wet during that period the Coles' right of action for damages on discovery of this breach would arise at once; the warranty was in effect an insurance. But the burden to the Coles, statute-of-limitations-wise, of the warranty as written, was that the time within which they must sue would commence to run immediately upon their discovery of a breach and therefore if they waited more than the period of the statute of limitations, three years, before commencing a suit, their remedy would be gone.

The breach of the warranty and the discovery thereof by the Coles was in November 1941. They chose to wait until December 4, 1944, before commencing their suit. This was more than three years after discovery of the breach and approximately a year and a half after the abandonment by Zellan of his attempts to make the basement dry. Having chosen thus to postpone the commencement of their suit, the Coles must, in my view, suffer the bar of the statute unless there intervened some circumstance or condition recognized by law as tolling the statute of limitations, or a waiver by Zellan of his right to plead it, or an estoppel against his pleading it. There was in my view of the facts of the case no such circumstance or condition and no such waiver or estoppel.

I think, therefore, that the decision of the Municipal Court of Appeals should be reversed.

2. 31 Stat.1389 (1901), 32 Stat. 542 (1902), D.C.Code, tit. 12, §§ 201–206 (1940).