## POOLE v. TERMINIX CO. OF MARY-LAND and WASHINGTON, Inc.

### No. 11255.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 10, 1952.

Decided Nov. 6, 1952.

Mr. Dickson R. Loos, Washington, D. C., with whom Mr. Preston C. King, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Thomas B. Heffelfinger, Washington, D. C., with whom Mr. W. Cameron Burton, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The case originated in the Municipal Court where judgment was rendered for defendant, the appellee. This was affirmed by the Municipal Court of Appeals, 1951, 84 A.2d 699, following which we allowed an appeal. The decision of the court below had the effect of sustaining the defense of the statute of limitations, which is three years under the applicable provision, namely, § 12–201, D.C.Code 1951.[1]

The suit sought damages for breach of an implied warranty by defendant to do a workmanlike job in carrying out his contract to insulate plaintiff's premises against termites. In the course of the work defendant drilled holes in the cement floor of plaintiff's basement and then filled these holes with cement. Plaintiff alleges that the drilling damaged some tile drain beneath the floor, resulting in dampness in the basement; but the alleged injury was not discovered until some time later when leakage made the dampness visible.

The suit was filed more than three years after the work was done but within three years from the time the alleged injury was discovered. Plaintiff contends that the statute did not begin to run until such discovery or by the exercise of ordinary diligence he could have discovered the breach. He relies upon P. H. Sheehy Co. v. Eastern I. & Mfg. Co., 1915, 44 App.D.C. 107, L.R.A.1916F, 810. But we think that decision must be limited to a situation where the discovery has been prevented by fraud, as suggested by the court's opinion. See, particularly, 44 App.D.C. at page 111.

■ ■ · No contention is made in the present case upon the basis of fraud, either

---

1. "No action shall be brought * * * upon any simple contract, express or implied, or for the recovery of damages for any injury to real or personal property * * * after three years from the time when the right to maintain such action shall have accrued * * *. (Mar. 3, 1901, 31 Stat. 1389, ch. 854, § 1265; June 30, 1902, 32 Stat. 542, ch. 1329.)" § 12–201, D.C.Code 1951.

actual or constructive. Accordingly the general rule that limitations begin to run from the time of breach, Zellan v. Cole, 1950, 87 U.S.App.D.C. 9, 183 F.2d 139, applies. This conforms with the purpose of statutes of limitation to bring repose and to bar efforts to enforce stale claims as to which evidence might be lost or destroyed. See Bailey v. Glover, 1874, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636. In some cases no doubt this rule leads to hardship, but the rule for which plaintiff contends often would have like consequences. We must give effect to the policy which bars litigation due to contract breaches which occurred a longer time prior to the institution of the litigation than the number of years of the applicable statute of limitations. Even in the criminal law, absent specific provision to the contrary, a statute of limitations begins to run from the time of commission rather than of exposure of the alleged offense. See Synnott v. State, 1927, 38 Okl.Cr. 281, 260 P. 517.

Affirmed.