**REYNOLDS METALS CO. v. McCREA.**
. No. 1361.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 3, 1953.

Decided Aug. 28, 1953.

David B. Nicholson, Washington, D. C.,
for appellant.

J. E. Bindeman, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Plaintiff appeals from an order dismissing a complaint on the ground that it showed on its face that the claim was barred by limitations. The complaint recited the following facts: Defendant ordered from plaintiff 25 tons of aluminum duct sheets on March 10, 1949, for delivery as soon as possible. Plaintiff accepted the order and shipped the aluminum from its plant in Alabama on May 16, 1949. While the shipment was in transit (concededly in May, 1949), defendant notified plaintiff that he refused to accept it and that he desired to cancel the order. Plaintiff stopped the shipment in transit. Following notice to defendant, plaintiff disposed of the shipment as agent for defendant. By letter dated May 12, 1950, plaintiff made formal demand on defendant for payment of the damages it had allegedly incurred, by way of loss on the resale and freight charges. Defendant refused to pay and this action was filed on March 10, 1953. Defendant filed a motion to dismiss on the ground that on the face of the complaint it appeared that the action was barred by limitations. The motion was granted and plaintiff appeals.

At the oral argument plaintiff questioned the propriety of raising the defense of limitations by motion to dismiss. It takes the position that such is an affirmative defense and should have been pleaded by answer under Municipal Court Civil Rule 8(c).[1] Rule 9(f) provides that for

1. "In pleading to a preceding pleading, a party shall set forth affirmatively * * *

statute of limitations * * *." (This and the two other Municipal Court rules

the purpose of testing the sufficiency of a pleading, averments of time and place are material. When it appears from the face of a complaint that the action was not brought within the time permitted by the statute, then it is correct to say that the complaint fails to state a claim upon which relief can be granted. Therefore, a motion to dismiss for such failure is permissible under Rule 12(b).[2] Anderson v. Linton, 7 Cir., 178 F.2d 304; Panhandle Eastern Pipe Line Co. v. Parish, 10 Cir., 168 F.2d 238; Pearson v. O'Connor, D.C.D.C. 2 F. R.D. 521. We do not say it is the only procedure permissible. See Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161, where defendants pleaded limitations and then moved for summary judgment, which was granted.

Our statute of limitations provides, in pertinent part, that "No action shall be brought * * * upon any simple contract * * * after three years from the time when the right to maintain any such action shall have accrued." Code 1951, § 12–201. Thus the issue is whether the right to maintain this action accrued more than three years prior to the time the action was filed. More specifically, the question is whether the cause of action accrued in May, 1949, when defendant breached, or in May, 1950, when plaintiff ascertained its damage.

The position taken by appellant (plaintiff below) is that the right to sue did not come into being until May 12, 1950, when the resale was completed and the damages ascertained. Appellant contends that it had an election of remedies upon the breach by the buyer, and that it elected to pursue the remedy of resale in order to minimize the damages and preserve business relations between the parties. Appellant says that

having elected the remedy of resale, it was bound to carry it to its completion and until it was complete and the amount of damage determined, it had no claim against the buyer capable of present enforcement.

■ Appellant's position is not in harmony with the generally accepted rule which holds that in a suit based on contract accrual of the cause of action means the right to institute and maintain an action for its enforcement.[3] Indeed the proposition advanced by appellant has been specifically repudiated in a recent decision in this jurisdiction. H. Herfurth, Jr., Inc. v. Acker, 85 U.S.App.D.C. 158, 177 F.2d 38. There it was held that the right to sue arises immediately when the primary contractual right is violated and not when the resulting damage actually occurs or is precisely ascertained. To the same effect is Poole v. Terminix Co., 91 U.S.App. D.C. 287, 200 F.2d 746. See also Bachertz v. Hayes-Lucas Lumber Co., 201 Minn. 171, 275 N.W. 694; Wichita Nat. Bank v. United States Fidelity and Guaranty Co., Tex.Civ.App., 147 S.W.2d 295. "The gist of the action is the breach, and not the consequential damages which may subsequently accrue. * * * Nominal damages at least can be recovered immediately upon the happening of the breach, and the Statute of Limitations then begins to run; its operation is not delayed until substantial or consequential damages accrue." Livingston v. Sims, 197 S.C. 458, 15 S.E. 2d 770, 772. See also Home Pattern Co. v. W. W. Mertz Co., 86 Conn. 494, 86 A. 19; Hubbard v. Rockaway Lunch Co., 131 Misc. 53, 225 N.Y.S. 638.[4]

■ The Uniform Sales Act, which has been enacted in this jurisdiction,[5] specifically provides that it is the duty of the buyer

---

cited are basically the same as similarly numbered rules of F.R.Civ.Proc., 28 U.S. C.A.)

2. "Every defense * * * shall be asserted in the responsive pleading * * * except that the following defenses may * * * be made by motion * * * (5) failure to state a claim upon which relief can be granted * * *."

3. In re Clover's Estate, 171 Kan. 697, 237 P.2d 391, 28 A.L.R.2d 779.

4. The only case cited by appellant (or found in our own search) taking a different view—and that by way of dictum— is Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex.Civ.App. 442, 126 S.W. 48.

5. Code 1951, § 28–1101 et seq.

to accept and pay for the goods in accordance with the terms of the contract.[6] This establishes the primary right of the seller. The Act also provides various remedial rights available to the injured seller.[7] But such provisions merely authorize an election among the methods of determining resulting damages. They do not fix or extend the time within which suit may be brought. "Claims arise when contracts are broken, not when the resulting damage is precisely ascertained." H. Herfurth, Jr., Inc. v. Acker, supra [85 U.S.App.D.C. 158, 177 F.2d 39]. Defendant breached his contract more than three years prior to the time that this action was brought. Therefore this action is barred by limitations, despite the fact that seller's damages were unascertained until a time within the three-year period.

Affirmed.

7. See Code 1951, Title 28, Chapters 13, 14 and 15.