FOLEY CORP. v. DOVE et al.

No. 1405.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 30, 1953.

Decided Jan. 7, 1954.

Paul J. Foley, Washington, D. C., for appellant.

Sheldon E. Bernstein, Washington, D. C., with whom Alvin L. Newmyer and David G. Bress, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In August 1947, Foley, president of appellant corporation, hereinafter referred to as Foley, was building a drive-in theater located in Arlington, Virginia. He requested appellees, hereinafter referred to as Dove, to submit an estimate for the construction of two walls, which were to extend out from the sides of the theater's screen. The purpose of these walls was to block out lights from the adjacent highway. Dove's bid for this work was accepted by Foley, although the contract was never reduced to writing. The two walls were completed in August 1947 and immediately paid for by Foley. In October of that year the north wall collapsed. Foley immediately notified Dove and within a week or so they rebuilt the wall without additional charge. Additional supports were given to both the rebuilt wall and the south wall. After this work had been completed, Dove wrote to Foley advising him of steps which should be taken to prevent another collapse. In the letter Dove also disclaimed any respon-

sibility for future damage to the walls. Three years later, November 24, 1950, the south wall collapsed, demolishing the theater's box office. Dove refused to pay for the damage and suit was filed in February 1952.

The trial court, sitting without a jury, ruled in favor of Dove on the ground that the claim was barred by the statute of limitations,[1] and, even if it were not, that no breach of contract by Dove had been shown. In its written opinion the trial court relied on two decisions of this court, both of which were affirmed on review by the United States Court of Appeals. Poole v. Terminix Co. of Maryland and Washington,[2] and Cole v. Zellan,[3] in holding that the claim was barred by the statute of limitations.

We think the Poole case is controlling here. Poole had engaged the Terminix Company to rid his house of termites. In the process of this work the company's employees drilled several holes in the cellar floor. Approximately three years later Poole discovered that water was seeping into his cellar. Subsequently, he found that water was coming from a drainage pipe that had been damaged by the drilling. The suit against the company was based on the breach of an implied warranty to do a workmanlike job. In holding that Poole's claim was barred by the statute we ruled that the warranty was breached at the time of the doing of the careless work and that the statute began to run as of that date.

That ruling is applicable in the instant case. It is well settled in this jurisdiction that the three-year limitation of actions based on a simple contract begins to run from the date of the breach.[4] The fact that a party is unaware of the breach will not toll the statute [5] nor will the fact that damages are not immediately ascertainable.[6] Here, as in the Poole case, the breach, if any, occurred when the walls were constructed in an unworkmanlike manner. The statute therefore began to run in 1947, and the suit filed in 1952 was barred.

Appellant attempts to distinguish the present case from the Poole case by contending that the implied warranty involved here is one arising under the Uniform Sales Act: when the buyer makes known to the seller the purpose for which the goods are required and relies on the seller's judgment, there is an implied warranty that the goods shall be reasonably fit for such purpose.[7] The answer to this contention is simply that construction contracts, where the furnishing of materials is only incidental to the work and labor performed, do not come within the purview of the Sales Act.[8]

Affirmed.

---

1. Code 1951, § 12–201.

2. 84 A.2d 699, affirmed 91 U.S.App.D.C. 287, 200 F.2d 746.

3. 55 A.2d 516, affirmed 87 U.S.App.D.C. 9, 183 F.2d 139.

4. Cole v. Zellan, supra.

5. Poole v. Terminix Co. of Maryland and Washington, supra.

6. Reynolds Metal Co. v. McCrea, D.C.Mun. App., 99 A.2d 84.

7. Code 1951, § 28–1115(1); Uniform Sales Act, § 15(1).

8. Crystal Recreation, Inc., v. Seattle Ass'n of Credit Men, 34 Wash.2d 553, 209 P. 2d 358; Sidney Stevens Implement Co. v. Hintze, 92 Utah 264, 67 P.2d 632, 111 A.L.R. 331; 1 Uniform Laws Annotated 14; see Annotation 111 A.L.R. 341.