**W. T. GUTHRIE, Appellant,**

v.

**Betty L. GREENFIELD, Appellee.**

**No. 1567.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 8, 1954.

Decided Dec. 7, 1954.

James G. Sfarnas and Rudolph N. D'Agaris, Washington, D. C., for appellant.

Maurice A. Guervitz, Washington, D. C., for appellee.

Harvey Rosenberg also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for breach of warranty. Guthrie, defendant in the trial court, built a home in nearby Maryland and sold it to plaintiff, appellee herein. Included in the sales contract was a warranty reading: "basement guaranteed dry for a period of one year." The plaintiff took possession of the house during the latter part of January 1953 and two or three weeks thereafter noticed that the basement floor was constantly wet. Numerous demands were made on defendant to remedy the condition, and at his suggestion plaintiff installed two dehumidifiers. The basement still remained wet and damp. Thereafter on the advice of experts plaintiff had an outside entrance way cut through the basement wall in the hope that additional ventilation would help remedy the situation. This did not improve the condition, and when defendant refused to correct the condition, suit was filed.

At trial an expert for plaintiff testified that he had examined the basement and found that the concrete floor had been poured directly onto the ground with no provision being made for drainage of water that might accumulate beneath the floor, and that it was this factor that accounted for the water seeping up through the basement floor. Defendant testified that there was no complaint about the basement being wet until the outside entrance way was installed. He stated that he visited the premises several times and did not observe any leaks in the floor, although condensation was present. Other experts testified in behalf of both parties, and there was a conflict in their testimony as to the cause of the wet basement and as to the amount of money it would cost to correct the condition. The trial judge found that the plaintiff had sustained her burden of proving a breach of the warranty of a dry basement.

■ Defendant assigns several errors. First, he contends that suit was not filed within one year from the date of the contract, and for that reason should have been dismissed. We see no merit to this argument. The contract of sale was dated December 20, 1952. Settlement was made on January 28, 1953, and suit was filed on January 26, 1954. The limitation on actions based on the breach of a simple contract is three years in the District of Columbia.[1] Therefore, the present suit was filed well within that period regardless of the date from which it is originally computed.[2]

■ The defendant also contends that the amount of the damages was excessive. The testimony of the experts on this phase of the case was not only conflicting, but, to put it mildly, was confusing. The various estimates placed before the court by the experts ranged from $300 to $3,200. The trial court gave judgment for $2,000. In cases of this character where expert testimony is necessary to aid the court and where there is such a wide divergence of views as to the cost of performing the work, it has been held that while an award may not be based on speculation or guesswork, the trier of the facts may make a just and reasonable estimate of the damages based on relevant data and render a decision accordingly.[3] The rule of law applicable to such situations is that the injured party should be placed in the same position as if there had been no breach. We know of no perfect formula by which courts can be guided in the face of conflicting opinion evidence as to the cost of making a basement dry. Surely damages are not rendered uncertain because they cannot be calculated with absolute exactness.[4] The best

1. Code 1951, § 12–201; see Cole v. Zellan, D.C.Mun.App., 55 A.2d 516, affirmed 87 U.S.App.D.C. 9, 183 F.2d 139.

2. Actually, the running of the statute in cases involving a breach of warranty is computed from the date of the breach.

Foley Corp. v. Dove, D.C.Mun.App., 101 A.2d 841, and cases cited therein.

3. Bigelow v. RKO Radio Pictures, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652.

4. District News Co. v. Goldberg, D.C. Mun.App., 107 A.2d 375.

a judge can do is to weigh carefully the opinions of the experts and arrive at an award dictated by his judgment.[5] That was done in this case, and we cannot say that the judgment was so excessive as to constitute reversible error. Other errors claimed by appellant are also found to be without substance.

Affirmed.

5. Stern v. Ace Wrecking Co., D.C.Mun.App., 38 A.2d 626.