**John Walter WHITE, Appellant,**

**v.**

**PIANO MART, Inc., a corporation,**
**Appellee.**

**No. 1581.**

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 6, 1954.

Decided Jan. 11, 1955.

John Walter White, Washington, D. C.,
pro se.

Stuart H. Robeson, Washington, D. C.,
with whom Layton F. MacNichol, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff in the trial court, asks us to reverse an order granting defendant's motion for summary judgment on the ground that the claim was barred by the statute of limitations.[1] The complaint alleged the following facts: Plaintiff had been induced to purchase a used piano from defendant on the representation that it had been completely rebuilt and that all defective parts had been replaced. After payment and delivery, plaintiff discovered that the piano had a defective pin block that required replacement. It was alleged that this was a hidden defect which was not known at the time of purchase and that defendant acknowledged liability and agreed to replace the pin block. After a period of time the piano was returned to plaintiff with the representation that the block had been replaced. Plaintiff later ascertained that the block had not been replaced. He concluded that this fraudulent misrepresentation constituted a breach of warranty.

Defendant filed an answer denying any fraudulent misrepresentation and pleaded the statute of limitations. Thereafter defendant moved for summary judgment. Accompanying the motion was an affidavit signed by the vice president of defendant corporation denying that any warranties had been made in connection with the sale.

1. Code 1951, 12–201.

Attached to the affidavit was the contract of sale. An affidavit filed by the plaintiff in opposition to the motion stated that the memorandum of sale did not contain the entire agreement between the parties and that the piano was returned to him by defendant in November 1951 with the representation that the pin block had been replaced and it was not until 1954 that he discovered that defendant's representation was fraudulent. This suit was filed in August 1954.

The only question before us is when did the statute of limitations begin to run against appellant's claim for breach of warranty—at the time of the breach or at the time of its discovery? The trial judge in a memorandum opinion held that the statute began to run at the time of· the making of the warranty in June 1950, as this was a warranty of present fact, rather than a prospective warranty.[2] He concluded that inasmuch as the plaintiff knew of the breach, if there were any "trick or connivance" on the part of defendant, it could not prevent discovery of the cause of action if the plaintiff had used ordinary diligence, and thus the statute was not tolled by any possible fraud. With this conclusion we cannot agree.

The settled rule in this jurisdiction is " 'that in an action based on fraud, the statute of limitations begins to run, not when the cause of action accrued, but from the discovery of the facts out of which the claim arose, or from the time when the facts should have reasonably been found out in the exercise of due diligence. * * *' " [3] The statute of limitations was never intended to assist one who has perpetrated a fraud where the party injured remains in ignorance of it without any fault or want of diligence or care on his part, provided suit is brought within the proper time after discovery of the fraud. The statute was intended to prevent fraud, not to help perpetrate it by concealing some material fact until such time had passed when the party committing· the fraud could plead the statute of limitations.[4]

We rule therefore that it was error to grant summary judgment in the defendant's favor. The complaint alleged fraudulent representations on defendant's part. If these fraudulent statements can be proven, then the statute of limitations will not bar the action, as such fraud will toll the running of the statute until the breach is discovered or should have been discovered.

Reversed.

HOOD, Associate Judge (dissenting).

Taking appellant's allegations in their most favorable light, I think his case is this: On June 22, 1950, he bought a piano from appellee on the representation that it had been completely rebuilt and all defective parts had been replaced. Thereafter he discovered that the pin block was defective and called upon appellee to replace it. Appellee took the piano and returned it to appellant on November 10, 1951, representing that the defective pin block had been replaced. In 1954 appellant discovered that the pin block had not been replaced, and this action was brought on August 12, 1954.

The majority opinion treats appellant's action as one for fraud, but it appears to me that it is, as stated in appellant's brief, one for "breach of warranty in the sale of a piano." The warranty was made at the time of and as part of the sale. It related to the then condition of the piano. The warranty was breached when the sale was made and the statute of limitations ran from the time of the breach. Poole v. Terminix Co., 91 U.S.App.D.C. 287, 200 F.2d 746, affirming this court in 84 A.2d 699. To hold that the action of the parties in 1951

2. See Zellan v. Cole, 87 U.S.App.D.C. 9, 183 F.2d 139, affirming Cole v. Zellan, D. C.Mun.App., 55 A.2d 516.

3. Kraft v. Lowe, D.C.Mun.App., 77 A.2d 554, 557, quoting from Johnson v. Taylor, D.C.D.C., 73 F.Supp. 537.

4. P. H. Sheehy Company v. Eastern Importing & Mfg. Company, 44 App.D.C. 107 L.R.A.1916F, 810.

tolled the statute "would write into the law an unrecognized exception to the statute of limitations." Zellan v. Cole, 87 U.S.App. D.C. 9, 183 F.2d 139. And I see no basis for holding that the statute did not begin to run until discovery of breach in 1951, because that rule has application only when discovery has been prevented by fraud. Poole v. Terminix, supra. On the admitted facts, I see this case as simply one where suit for breach of warranty was brought more than four years after the breach occurred, and in my opinion the trial court properly granted summary judgment on the ground that the action was barred by the three-year statute of limitations.