Bernard LIEBERMAN and Dolores Lieberman, Appellants,

v.

ALDON CONSTRUCTION CO., Inc., a corporation, and Delano District Corporation, a Delaware corporation, Appellees.

No. 1830.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 13, 1956.

Decided Oct. 1, 1956.

Herman Miller, Washington, D. C., for appellants.

H. Max Ammerman, Washington, D. C., for appellees.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In the spring of 1950, plaintiffs contracted to buy from defendants a house which was about to be constructed. Settlement was made September 1, 1950, and plaintiffs moved in the next day. More than five years later they brought this suit for damages, alleging that defendants had failed to remedy or correct a wet condition in the basement. The important question on this appeal is whether the action was barred by our three-year statute of limitations. Code 1951, § 12–201.

There was testimony that plaintiffs went to the house as it was nearing completion and noticed water on the basement floor; that they reported this to defendants and were told it would be taken care of; that the basement was still wet when they appeared at the title company for settlement; that they told defendants' representative that they did not want to complete the purchase; and that the representative told them:

> "* * * to settle for the house and that he would definitely fix the basement, not to worry about it, that he would see that the basement was fixed."

On the strength of that assurance plaintiffs proceeded with the settlement.

The wet condition continued, and responding to many complaints defendants made several attempts to correct it. These varied from mere mopping to parging, and also trench digging on the outside. All such efforts failed and defendants did no work at the house after the fall of 1954.

At the close of plaintiffs' case, defendants moved for a finding in their favor on the grounds: (1) that the action was barred by limitations and (2) that there was no consideration for their promise to repair the basement. The court granted the motion, seemingly on the second ground.

■ We need not pass on the question of consideration, in view of the decision we have reached on the question of limitations. We ruled recently, in accordance with established authority, that an appellate court may sustain a correct judgment on a different ground than that adopted by the trial court, and that we are not restricted to the single ground stated by the trial judge, but may affirm his action if it is proper upon any ground urged in a motion for directed verdict. Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364. It is clear from the record that the question of limitations was argued by the parties in the trial court, and we consider it entirely proper to decide it on this appeal.

■ Plaintiffs ask us to rule that the statute of limitations did not begin to run until defendants "abandoned their efforts" to remedy the defective condition. Defendants urge that the cause of action accrued at the time of breach of the promise made on September 1, 1950, at the time of settlement.

Both parties rely on Zellan v. Cole, 87 U.S.App.D.C. 9, 183 F.2d 139, affirming Cole v. Zellan, D.C.Mun.App., 55 A.2d 516. There the contractor had warranted to the purchaser that a basement "shall be dry and shall remain dry for three years." The court construed the warranting language to be a promise to maintain a dry basement and ruled that the statute began to run when the contractor abandoned his efforts to repair.

That opinion does not apply to the facts in this case. Here there was no promise of a continuing nature relating to future events, no warranty that the basement would remain dry for any specific period. The assurance by which plaintiffs were induced to close the deal was that defendants would "fix the basement", which concededly needed fixing at the time. In other words, the house as constructed and delivered to plaintiffs was defective. The law seems well settled that a contract is breached when defective work is done and that the statute begins to run from that time. See Poole v. Terminix Co. of Maryland & Washington, 91 U.S.App.D.C. 287, 200 F.2d 746, affirming D.C.Mun.App., 84 A.2d 699, where suit was filed more than three years after work was done but within three years from the time damage was discovered. The court held that the action was barred under the general rule that the statute begins to run from the time of the breach. Citing Zellan v. Cole, supra. We followed the same rule in Foley Corp. v. Dove, D.C.Mun.App., 101 A.2d 841.

Appellants in their brief say that the action of the parties indicates an intention that defendants were to continue their efforts to eliminate the defect. We have already said the evidence established no such continuing promise. And the Zellan decision, supra, expressly rejected the theory that such continuing assurances and corrective efforts amounted to a tolling of the statute.

Affirmed.