Luther Robinson MADDOX, Appellant,

v.

ANDY'S REFRIGERATION & MOTOR SERVICE CO., Inc., a Delaware Corporation, Appellee.

No. 2541.

Municipal Court of Appeals for the District of Columbia.

Argued March 14, 1960.

Decided May 24, 1960.

Rehearing Denied June 13, 1960.

———◆———

Marie Flynn Maddox, Washington, D. C., with whom Luther Robinson Maddox, Washington, D. C., was on the brief, for appellant.

Daniel I. Sherry, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The question presented on this appeal is whether appellant's claim was barred by the statute of limitations.[1] The trial court, in granting appellee's motion to dismiss, held that it was.

Appellant filed his complaint on August 13, 1959.[2] An amended complaint was filed on September 15, 1959. It consisted of two counts, the first for breach of contract, and the second for fraud.[3] From the complaint, the following essential facts emerge:

1. Code 1951, § 12–201 provides: "No action shall be brought * * * upon any simple contract, express or implied, or for the recovery of damages for any injury to real or personal property * * * after three years from the time when the right to maintain any such action shall have accrued * * *."

2. Appellant did not include this complaint in the record, but since the docket indicates the date, his appeal is saved from affirmance upon the ground that an insufficient record was tendered to the court.

3. The second count fails to sufficiently allege fraud, see generally, Page v. Comert, 1957, 100 U.S.App.D.C. 139, 243 F.2d 245; but our decision does not turn upon it.

On April 10, 1956, appellant contracted with appellee for the repair of his refrigerator. When the work was completed, the refrigerator was returned to appellant on April 13, 1956, and he then made payment. Appellant alleges that "after placing the [refrigerator] in operation, that it was in no better condition than when it was taken away for repairs * * *." The work performed by appellee carried a ninety-day guarantee.

▮▮ Assuming, as we must, that the repair work was improperly performed, it is clear that appellant cannot maintain his first count, and this is true whether the action arose on April 13, 1956, or ninety days thereafter. We have said that the owner's mere lack of knowledge of injury to his property will not prevent the statute from running.[4] Obviously, one who knew his contract was breached because he had knowledge that his property remained in a state of disrepair, may not wait more than three years to assert his remedy. Again, appellant knew of the breach of contract on April 13, 1956, but did not file suit until August 13, 1959.

Turning to the second count, appellant says it is one for fraud. However, it is basically a restatement of the facts enumerated in the first count. The crux of this claim is that the "fraud" was not discovered until August 14, 1956, the date on which appellant's "suspicions were confirmed." That is, on that date another repair service informed him as to the specific nature of the disrepair.

▮ It is true that for fraud the three-year time limitation begins when the facts from which the claim arose are discovered, or from the time when such facts should have been ascertained by due dili-

gence.[5] However, fraud, as used in this sense, is not discovered when one's prior knowledge is confirmed as correct by another. The ruling of the trial court is

Affirmed.

---

4. Poole v. Terminix Co. of Maryland & Washington, D.C.Mun.App., 1951, 84 A.2d 699, 701, affirmed 1952, 91 U.S.App.D.C. 287, 200 F.2d 746.

5. Wiren v. Paramount Pictures, 1953, 92 U.S.App.D.C. 347, 348, 206 F.2d 465, 467, certiorari denied, 1954, 346 U.S. 938, 74 S.Ct. 378, 98 L.Ed. 426; White v. Piano Mart, Inc., D.C.Mun.App.1955, 110 A.2d 542.