Nick CAMPANELLA, t/a Campanella & Co.,
Appellant,

v.

M. Edgar MILSTEAD, Appellee.

No. 2956.

Municipal Court of Appeals for the
District of Columbia.

Argued April 9, 1962.

Decided June 4, 1962.

Leon Shampain, Washington, D. C., with
whom Paschal R. La Padula, Washington,
D. C., was on the brief, for appellant.

Samuel W. McCart, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and MYERS, Associate
Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This was a suit filed by appellant for unpaid insurance premiums. Appellee was the treasurer of a corporation which had placed its insurance with appellant. When the corporation became delinquent in payment, appellant threatened to cancel the policies and sue the corporation for the amount due. As a result of this threat, an agreement was reached in March 1960 whereby appellant would carry the policies for the corporation until the end of the policies' years if the corporation paid, and if it did not pay, then appellee would be responsible for the unpaid premiums. The agreement was evidenced by the following writing:

"Collateral Note on Corbin & Dodson
A/C

$2,077.17                 March 11, 1960
  *  *  *  after date the undersigned
(jointly and severally), promise to pay
to the order of Campanella & Co. Two
Thousand Seventy-Seven and 17/100
DOLLARS with 6% interest from date.
  *     *     *     *     *     *
          /s/ M. Edgar Milstead [SEAL]"

It was conceded at trial that appellant cancelled the policies on August 22, 1960, although the natural expiration date was not

until November 19, 1960. Appellee contended that this violated the agreement and relieved him of responsibility. At the conclusion of the evidence the trial court found that appellant had not established a case entitling him to recover. Judgment was entered for appellee and this appeal followed.

■ Appellant first urges that the statement of proceedings and evidence is inadequate and incorrect. We cannot agree. Following a conference with counsel who were unable to agree upon a statement, the trial court filed an adequate narrative of the trial proceedings and settled the dispute in compliance with our rules governing the preparation of the statement of proceedings and evidence. Cf. Young v. Tune, D.C. Mun.App., 172 A.2d 558 (1961). It is the function of the trial court to settle such disputes and we are bound by the statement as approved by it. McAuliffe v. C and K Builders, D.C.Mun.App., 142 A.2d 605, 608 (1958); Brenner v. Margolies, D.C.Mun. App., 102 A.2d 300, 302 (1953).

■ Appellant next contends that the court erred in permitting parol evidence to vary the terms of the agreement as manifested by the writing which stated that appellee's obligation was to commence "after date." However, while testifying on his own behalf, appellant indicated that the writing was not a complete and accurate integration. He gave two interpretations of the agreement, namely, that he would continue to carry the policies if appellee guaranteed payment of the monthly premiums by the corporation as they became due; and that he would continue the policies to the end of their expiration date if the corporation paid, and if the corporation did not pay, appellee would be responsible for the unpaid premiums. Having indicated a condition precedent resting in parol and having demonstrated an ambiguity as to the point of time when appellee was to assume responsibility, appellant could not thereafter seek to exclude testimony in clarification by invoking the parol evidence rule. The trial court properly admitted appellee's testimony that he was to assume responsibility for the unpaid premiums at the expiration date of the policies.

■ Finally, appellant urges that assuming a breach of the agreement, recovery should be permitted where there is substantial performance and an absence of injury to appellee. But even if we were to assume a net benefit to appellee, recovery may not be had where there is a willful and deliberate breach. Bainum v. F. C. McGrady Co., D.C.Mun.App., 117 A.2d 462 (1955).

The remaining errors urged by appellant are without merit.

Affirmed.