**Mamie DIXON, Appellant,**

v.

**Willie WILSON, Appellee.**

**No. 3284.**

District of Columbia Court of Appeals.

Argued July 22, 1963.

Decided Sept. 17, 1963.

**290**

Ernest C. Dickson, Washington, D. C., for appellant.

Max M. Goldberg, Washington, D. C., for appellee. Harry W. Goldberg, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant was left, under her sister's will, a house and all the furniture therein. Appellee, as surviving husband, renounced under the will and claimed a statutory one-third share of his wife's estate.[1] He remained in possession of the property, renting a part thereof, but refused to account to appellant for her share of the rentals or to deliver her interest in the furniture. Subsequently he remarried and continued to live in the house with his second wife.

After numerous conferences and negotiations between the parties and their counsel looking toward a settlement of the conflicting claims, the attorney for appellee sent a letter to appellant's counsel, the pertinent paragraphs of which are as follows:

> "Reference is made to our conversation on the 17th of November with reference to completing negotiations with Mrs. Mamie Dixon relative to the sale or transfer of her ownership in the premises 1112 Oates Street, N.E., Washington, D. C., to Mr. Willie Wilson and his wife, Annie Mae Wilson, as tenants by the entireties, in fee simple ownership.
>
> "Mr. and Mrs. Wilson have authorized me to offer Mrs. Dixon the sum of Six Thousand Dollars ($6000.00) for her transfer of all of her ownership in the property to them.
>
> \*   \*   \*   \*   \*   \*
>
> "In accepting this offer, Mrs. Dixon shall agree to execute all necessary documents to transfer said property and to effectuate the intent of this purchase of ownership."

This letter was signed by the parties and their counsel, presumably indicating an assent to the terms stated therein.

1. D.C.Code 1961, § 18–211 and § 18–703; D.C.Code 1961, Supp. II, § 18–101.

Subsequently appellant claimed that the $6,000.00 payment to her covered only her interest in the house and that she was entitled additionally to a two-thirds share in the furniture and the collected rentals. When appellee denied this claim, she filed suit against him. After trial a judgment was entered against appellee for $202.63, representing the balance due on the funeral bill and money advanced by appellant to settle the estate,[2] but the trial judge found that the foregoing letter contemplated not only payment to appellant for her interest in the realty but also a settlement of the dispute over her share of the rentals and the furniture.

The primary question we must decide is whether the trial judge erred in admitting parol testimony to clarify the meaning of the contract terms. Do the words refer only to the realty? Or do they encompass appellant's interest in the furniture and her claimed share of rentals?

■ Parol evidence is usually not admissible to vary or alter the terms of a written contract.[3] There are certain exceptions to that rule, one being the admission of parol evidence to explain an ambiguity in the language of an agreement.[4] "Contracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction," and whether such ambiguity exists " * * * is one of law to be determined by the court."[5] "If the language is ambiguous, then the intent of the parties must be ascertained by some other means."[6]

■ For some time the parties had been negotiating in an effort to settle their conflicting claims. It seems logical to assume that in reaching a settlement they contemplated and intended to dispose of all their claims relating to the house, its contents and collected rentals by one payment from appellee. As a means of clarifying the intention of the parties, the trial judge admitted parol testimony on this point from appellee. Appellant herself testified that an original compromise figure of $6,500 (which was in excess of the actual value of her interest in the realty) had been reduced to $6,000 as appellee could not raise the larger amount and that it was "her desire to settle up everything at one time." She can hardly object now to the explanatory testimony given by appellee as to what was intended to be covered by the money he ultimately paid her.[7] We rule that there was ambiguity in the agreement and that parol testimony was properly admitted to clarify it.

■ Appellant also claims error in allowing appellee to introduce as evidence, to aid in the interpretation of the agreement between the parties, receipt books showing sums he paid to banks allegedly in repayment of loans advanced for improvements to the property without first proving the contract for the work performed. Even if this were error, it was nonprejudicial as the record contains other competent testimony and evidence that supports the finding that the agreement embodied in the letter was intended to be a settlement of appellant's interest in the realty and her claimed share of rentals and furniture.

Affirmed.

2. These two items were not contested by appellee.

3. Arsenault v. Angle, D.C.Mun.App., 43 A. 2d 709, 711.

4. District of Columbia v. Northeastern Const. Co., 63 App.D.C. 175, 70 F.2d 779.

5. Friedman v. Thomas J. Fisher & Co., D.C.Mun.App., 88 A.2d 321, 323.

6. Zellan v. Cole, 87 U.S.App.D.C. 9, 183 F. 2d 139; Homes Oil Realty Co. v. Hechinger Properties Co., D.C.Mun.App., 182 A.2d 62, 63.

7. Campanella v. Milstead, D.C.Mun.App., 181 A.2d 682, 683.