## ELECTRONIC INSTRUMENTS FOR RESEARCH, INC., Appellant,

v.

## GEORGETOWN UNIVERSITY, Appellee.

### No. 3861.

District of Columbia Court of Appeals.

Argued April 25, 1966.

Decided Sept. 20, 1966.

Rehearing Denied Sept. 30, 1966.

Michael A. Schuchat, Washington, D. C., for appellant.

Judith Coleman Richards, Washington, D. C., with whom Raymond W. Bergan, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Plaintiff, an electronics firm, sued Georgetown University for the purchase price of a gas chromatograph with related equipment.[1] The University admitted it ordered the instrument but contended that the instrument received did not conform to the one ordered. The University's chief complaint was that the instrument supplied did not have a transistorized power supply. Plaintiff's position was that the purchase order did not specify such a power supply.

The purchase order called for an "AU-8 EIR CHROMATOGRAPH", and specified neither a transistorized circuit nor a tube-type circuitry, but the University was allowed to give testimony that it had been orally assured by plaintiff's representatives that if an "AU-8 EIR CHROMATOGRAPH" was ordered, a chromatograph with transistors would be supplied. On the basis of this testimony the trial court found in favor of the University. Plaintiff has appealed and contends that the trial court in admitting the testimony of the University permitted a written contract to be varied by oral testimony. The University says the effect of this testimony was not to vary the contract but to explain an ambiguity in its language. We agree with the University.

As the purchase order did not specify the type of power supply, the technical term "AU-8 EIR CHROMATOGRAPH" was ambiguous, as obviously some type of supply was necessary. This ambiguity permitted—indeed, required—testimony to aid the court in ascertaining the intention of the parties when they used that term in the contract.[2] The evidence was properly admitted and such evidence justified a finding that the instrument delivered was not of the type ordered by the purchaser and agreed to be delivered by the seller.

[1]. The instrument, it was testified, is used in the biochemical sciences to separate, identify, and measure minute trace amounts of materials.

[2]. Dixon v. Wilson, D.C.App., 192 A.2d 289 (1963); District of Columbia v. Northeastern Const. Co., 63 App.D.C. 175, 70 F.2d 779 (1934); Loonsk Bros. v. Sinclair Motor Corporation, 254 App. Div. 137, 4 N.Y.S.2d 416 (1938); 9 Wigmore, Evidence, § 2465 (3d ed. 1940).

It is also argued that the University delayed too long in rejecting the instrument. Under the circumstances here, which need not be detailed, we cannot say the delay was unreasonable as a matter of law.

Affirmed.