## STERN v. ACE WRECKING CO., Inc.
### No. 187.

Municipal Court of Appeals for the
District of Columbia.
Aug. 11, 1944.

---

Henry L. Lyman, of Washington, D. C., for appellant.

Henry Stearman, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

In the action below the trial judge filed a full and informative memorandum opinion in which he not only narrated the evidence but carefully marshaled the numerous contentions of the parties and reduced the issues to their simplest terms. By stipulation of counsel that memorandum was made a part of the statement of proceedings and evidence, and it has assisted us in the consideration of this appeal.

The record reveals that appellant, who was defendant below, by contract with plaintiff wrecking company authorized that company to demolish certain lumber sheds and retain as its property the salvaged lumber. Plaintiff paid the agreed consideration and entered upon the performance of the contract. After it had removed part of the lumber it was notified that defendant had no right to sell the material because in a lease with an oil company defendant had already transferred to that company the right to the salvaged material. When defendant confirmed that fact plaintiff made demand upon him for the value of the remaining material. Payment being refused, plaintiff brought suit. The trial judge found for plaintiff and also denied recovery on a counterclaim which defendant had filed.

The trial judge rejected defendant's contention that because of mutual mistake of fact the contract was subject to rescission. We think the ruling was correct. Mistake there may have been; but if so, it was entirely the mistake of the defendant. He it was who undertook to sell the material and under the Uniform Sales Act (now a part of our Code) he thereby impliedly warranted that he had a right to sell, free of any claim, charge or encumbrance of any third party not declared or known to the buyer before or at the time of the contract of sale. Code 1940, § 28—1113. The uncontradicted evidence was that defendant knew, and plaintiff did not know, of the superior right of the oil company to the material in question. It is also clear that defendant had made an unqualified undertaking to deliver the merchandise; and having failed through no fault of the plaintiff, he must pay damages for his failure.[1] We find no decisions to the contrary.

The next principal defense was impossibility of performance. This defense, as Williston points out, is analogous to that of mistake[2]—both have the same foundation and neither can prevail if the inability to perform was known to, or foreseeable by, or caused by the promisor, and unknown to the promisee.[3] Here there was not even a suggestion that the plaintiff knew of the prior claim of the oil company to the material in question. Even if we assume that defendant had forgotten the earlier transfer to the oil company, and that he made the second sale in complete good faith, that would not discharge his duty to appellee, for as the Supreme Court has held, a vendor is bound to know that he can deliver that which he professes to sell.[4] Thus, from whatever angle we examine the case there is no theory on which appellant can escape liability.

Finally we are told that plaintiff was not entitled to recover because the damages he claimed were speculative. But

---

[1] Berg v. Erickson, 8 Cir., 234 F. 817, L.R.A.1917A, 648; Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F.2d 881, 131 A.L.R. 414; Salinger v. General Exchange Ins. Corporation, 217 Iowa 560, 250 N.W. 13; Rowe v. Inhabitants of Peabody, 207 Mass. 226, 93 N.E. 604; Embry v. Lewis, Tex.Civ. App., 19 S.W.2d 87. See also Restatement, Contracts, Sec. 503.

[2] Williston on Contracts, Rev.Ed., Vol. 6, Sec. 1937.

[3] Williston on Contracts, Rev.Ed., Vol. 6, Sec. 1959 and many cases cited in footnotes 6 and 7 at page 5496. See also Restatement, Contracts, Secs. 455, 459. See also Berg v. Erickson, supra, and Jennings v. Lyons, 39 Wis. 553, 20 Am.Rep. 57.

[4] Allen v. Hammond, 11 Pet. 63, 9 L.Ed. 633.

there was testimony by the president of plaintiff company and by another expert that they went to the premises, conducted a complete survey, and made a detailed count and measurement of all the lumber on the premises. Based upon such measurements and upon actual sales of part of the lumber, they gave their estimates of value to the court. Defendant testified that though he had not measured or counted the lumber, he was sure plaintiff's estimates were too high and he gave a lower figure as representing the fair market value. The trial judge found that the strong preponderance of the evidence as to value supported plaintiff's estimate. Nevertheless, in entering finding for plaintiff he reduced the claim by about 20%. Of this, defendant cannot complain. There is, of course, no exact formula by which courts can be guided in the face of conflicting opinion evidence as to value. The most a judge can do is to weigh the opinions of the experts and give his best judgment in computing the award. That has been done with seeming care in this case.

There are other errors assigned. Some are general in their nature; others have no support in the record; and still others are covered by what we have already said.

Affirmed.