DISTRICT NEWS CO.

v.

GOLDBERG et al.

No. 1506.

Municipal Court of Appeals for the District of Columbia.

Argued July 26, 1954.

Decided Aug. 16, 1954.

# 376

Herman Miller, Washington, D. C., with whom Bernard P. Platshon and Alfred Z. Bernstein, Washington, D. C., were on the brief, for appellant.

William H. MacDonald, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

District News Company is a wholesale distributor of newspapers and magazines.

Government Employees' Exchange[1] is the publisher of a bi-weekly periodical devoted to news and information of interest to government employees.

In June 1951, the parties made an oral agreement under which District News was to distribute the paper to several hundred retail outlets. After about a year the publisher terminated the agreement. District News then sued the publisher for $352.70 which it claimed was due for returned copies. The publisher filed a counterclaim demanding $3,000 in damages for the failure of District News to make proper distribution of the paper and for other breaches of their agreement. The trial court awarded plaintiff District News the amount of its claim $352.70, and finding that there had been a breach by District News awarded on defendant's counterclaim for items hereinafter discussed, a total of $1,315.64. Plaintiff brings this appeal.

One of the arguments for reversal is that no breach of contract was shown. Without attempting a detailed review of the testimony we think it need only be said that there was evidence which fully justified a finding that District News had agreed to deliver defendant's periodical to more than 600 stops or retail outlets, to "push" or further the sale of the periodical, to place the copies in special display racks provided by the publisher, to collect unsold copies when current issues were delivered, and return and receive credit for such returned copies against the flat price-per-copy compensation on which the parties had agreed.

For defendant publisher four witnesses testified to a long series of breaches of the contract by District News, including frequent failure to deliver to many outlets, failure to place papers in the racks provided by publisher, failure to serve stops supplied by publisher, failure to deliver

1. At the commencement of this litigation, the publication was owned by Sidney Goldberg, but the publication was later acquired by Government Employees' Exchange, Inc., which was added as a party defendant. The individual and the corporation are both before us as appellees.

copies in proper form, failure to untie bundles from their original wrappings on delivery, and returning unsold copies prematurely. Most of this testimony was supported in detail by various tally papers, delivery sheets and other routinely kept records. Counsel for appellant says the agreement provided for nothing more than a naked sale of papers from publisher to distributor. Counsel for appellee says, and we think correctly, that the true nature of the agreement was a bailment for sale. See Ludvigh v. American Woolen Co., 231 U.S. 522, 34 S.Ct. 161, 58 L.Ed. 345. But whatever label be placed on the transaction, the ruling that there was a breach by District News cannot be held erroneous.

■ Another contention is that the trial court was wrong in awarding $645.45 for salary paid to a man named Taylor because, appellant says, these payments were made solely for defendant's benefit. There was evidence that when it was discovered that District News was not properly performing its contract, the publisher engaged Taylor, an experienced former employee, to make a survey and keep watch on the situation, and that in doing such work Taylor was performing a service which should have been supplied by District News. The amount allowed for this item covered part time salary over an eleven-month period. It was an expense reasonably incurred, and on the evidence, the trial judge was entirely right in ruling that it was a proper element of consequential damages.

■■ Another part of the allowance to defendant on its counterclaim, to which appellant takes exception, is $491.31 for loss of sales resulting from appellant's breach of contract. Appellant says it was not required to guarantee sales of the periodical, and with that we agree. But we do not agree that this item of damage was speculative or anticipatory. It was based on detailed and carefully prepared comparative figures presented at the trial. The award was perhaps not certain to a mathematical demonstration; but in the involved nature of the transaction such was difficult to accomplish. As the Supreme Court said in Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 379, 47 S.Ct. 400, 405, 71 L.Ed. 684: "'Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate.'" In a later Supreme Court case it was held that while the trier of facts may not render an award based on speculation or guesswork, he may make a just and reasonable estimate of the damage based on relevant data and render his decision accordingly. Bigelow v. RKO Radio Pictures, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652. See also Stern v. Ace Wrecking Co., D.C.Mun.App., 38 A.2d 626.

■ Appellant also complains that as to the claim for prematurely returned periodicals the trial judge "split" defendant's claim in half and allowed $178.88. There is no merit to this criticism, for this amount is less than the court could have allowed on the basis of the evidence before it.

■ There is even less merit to the claim that defendant publisher failed to mitigate its damages. There was evidence, corroborated in more ways than one and not at all contradicted, that defendant had moved with reasonableness and dispatch to save the bad situation which District News had created by its series of breaches.

Affirmed.