**John MULLEN, by His Next Friend, Carolyn Mullen, Mother, Appellant,**

**v.**

**PEOPLES DRUG STORES, Inc., a Corporation, Appellee.**

**No. 1807.**

Municipal Court of Appeals for the District of Columbia.

Argued June 25, 1956.

Decided July 20, 1956.

Carolyn Mullen, pro se.

David C. Bastian, Washington, D. C., with whom Arthur P. Drury, John M. Lynham, and John E. Powell, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

An infant by his mother as next friend sued the Peoples Drug Stores for damages growing out of an alleged assault and battery upon the infant by an agent of Peoples. The case was tried before a jury and its verdict was for Peoples. The infant appeals. During the trial appellant was represented by counsel; in this appeal he is represented by his next friend and mother pro se.

The principal contention made by the next friend is that it was error for the

court, at the conclusion of all the evidence, to refuse to reopen the case in order that the grandfather of the infant might be called as a witness.

The record indicates that the case had been concluded and a recess taken for lunch; upon the convening of court after the recess and before argument of counsel and submission to the jury, counsel approached the bench and appellant's counsel advised the judge he understood the appellant's mother had addressed a communication to the judge during the recess; the court informed counsel it had received no such communication and the following colloquy transpired:

"Mr. Dwyer: I would ask * * * that the plaintiff be allowed to address your Honor.

\* \* \* \* \* \*
"The Court: I assume it is relevant or she wouldn't want to talk to me about it. Since the jury is not here I see nothing wrong with it, since counsel is present and the testimony is now all closed.

"Mr. Dwyer: As far as I am concerned it is closed, but I want Mrs. Mullen to address your Honor.

"The Court: All right, Mrs. Mullen, what did you want to say?"

Mrs. Mullen then advised the judge that her father had been with her in the store at the time of the alleged assault and battery; that he had been sitting in the witness room all during the trial, expecting to be called as a witness for the appellant; that he had not been called and that he desired to testify. Whereupon the following transpired:

"The Court: Well, you are represented by competent counsel. Mr. Dwyer is a very experienced attorney. Mr. Dwyer, do you feel that testimony would be corroborative?

"Mr. Dwyer: Your Honor, I knew the witness was outside this morning. I discussed the case with him and the matters to which he would testify, I understood from his own lips, are those matters that are already admitted by the defendant. I did not call him for that reason.

"I certainly intend to offer him to the defendant as a witness before the jury so that they may not comment I did not produce all the witnesses, but I have no desire to call him myself because I don't think he can add anything to the case that has not already been admitted by both parties, to wit, that there was an altercation.

"The Court: Where certain things are admitted you don't have to produce witnesses, if the other party admits them. What do you think your father would be able to add to what has already been presented?

"Mrs. Mullen: I think the jury has a right to see who was with me, what kind of a person he is, and so that the jury may hear what he has to say.

"The Court: Well, it is up to your attorney. When you have an attorney of record he may call whomever he wishes and conduct the case as he sees fit. * * *

\* \* \* \* \* \*
"Mr. Dwyer: I do not desire to call him. I have made my position clear. As counsel for Mrs. Mullen I do not desire to call him as a witness. * * *"

■ It is obvious from the foregoing that the decision not to call the witness was made by the then counsel for the appellant; one who is represented by counsel is bound by his actions.[1] Even if this were not so, a motion to reopen a case and call additional

1. Turner v. Erwin, D.C.Mun.App., 99 A.2d 222.

witnesses is directed to the sound discretion of the trial judge.[2] It is clear to us that there was no abuse of the judge's discretion.

 Appellant also claims error in connection with the court's charge to the jury and that the verdict was contrary to the weight of the evidence. We have examined the charge carefully and find that it clearly and adequately covered every aspect of the case in accordance with well established legal principles; we are also of the opinion that the verdict was amply supported by the evidence. The other claimed errors are without legal merit.

We have examined the record with great care and conclude that the rights of the infant were fully safeguarded; that he was properly represented by competent counsel and was accorded a fair and impartial trial.

Affirmed.

2. Krupshaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624, and case cited.