FIRST DEPARTMENT, APRIL, 1965

(April 1, 1965)

AARON PRINCE, Respondent, v. UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Appellant.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered February 25, 1964, in New York County, upon a decision of the court at a Trial Term, without a jury.

MEMORANDUM BY THE COURT. Judgment affirmed, with $50 costs to respondent. The defendant's policy is written to cover loss "resulting from injury or sickness", with "injury" defined as meaning an "accidental bodily injury" and with "sickness" defined as "sickness or disease". The medical expense for which plaintiff has recovered judgment was a "covered expense" arising from an "accidental bodily injury" and not arising from "sickness or disease". The undisputed medical testimony was that the expense for physician's services was incurred in treating a psychoneurotic reaction resulting from "a traumatic injury". The defendant's claimed exemption from liability under the policy rests solely upon the effect of an exception clause excluding coverage for " mental disease or deficiencies, psychotic or psychoneurotic disorders or reactions". But the plaintiff's expert testified that the psychoneurotic reaction arising from the injury was not a "mental disease or deficiency". For the reasons more fully developed in the opinion at Special Term, we conclude that

the "average man" (see *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419, 424), in reading the policy as a whole, would believe that the exclusion of coverage for loss occasioned by "psychotic or psychoneurotic disorders or reactions" was intended to apply only where the disorders or reactions resulted from "sickness or disease" — "mental disease and deficiencies", disassociated with bodily injury; that he would be entitled to assume that he was covered for all disorders or reactions, psychoneurotic or otherwise, directly resulting from an accidental bodily injury.

STEUER, J. (dissenting). Plaintiff sues on a major medical insurance policy for the costs of certain medical treatment. There is no dispute but that the sum sued for was in fact paid to a doctor for treatment of the plaintiff's son and that the latter was a person covered by the policy. It appears that the son, as the result of an accident, had to undergo an operation which resulted in the loss of an eye. Following the operation the young man developed a psychoneurotic disorder caused by the emotional impact of the loss of the eye. The sum in question is the medical fee for the treatment of that disorder. We agree with Trial Term that the psychic trauma was an effect of the original accident.

The policy provides coverage for medical expense to the persons covered resulting from injury or sickness. Injury is defined as "accidental bodily injury * * * resulting directly and independently of all other causes in loss covered by this policy." The policy further contains certain exceptions, which would mean that these are not "causes covered by this policy." Among the exceptions are: "(3) mental disease or deficiencies, psychotic or psychoneurotic disorders or reactions".

No one disputes that what the young man was treated for was a psychoneurotic reaction to the consequences of his prior accident. The claim is that the policy does not clearly exclude such an injury. We fail to see any ambiguity or any grounds for holding that an ordinary reader would reach the conclusion that a psychic reaction to an injury was not excluded. We are told that the policy does not say in so many words that the psychic trauma resulting from an injury is excluded.

Here the policy provides for exceptions — not exceptions to sickness alone but exceptions to injury and sickness. Among those exceptions are all manner of mental hurt, whether original or the result of a reaction. We submit that this can mean one thing only to the ordinary human intelligence. No matter how a policy or any other instrument is worded it can always be claimed that a different wording would produce greater clarity. Here the claimed verbal deficiency is purely fanciful and doubtless is induced by the fact that defendant is an insurer. This persuasive argument completely overlooks the fact that if insurance policies are stretched beyond their real meaning to fit hard cases, premiums must be stretched to cover all cases.

We vote to reverse and dismiss the complaint.

Valente, J. P., McNally and Eager, JJ., concur in decision; Steuer, J., dissents in opinion in which Stevens, J., concurs.

Judgment affirmed, with $50 costs to respondent. [42 Misc 2d 410.]