**R. S. WILLARD CO., a corporation, Appellant,**

v.

**COLUMBIA VAN LINES MOVING AND STORAGE CO., Inc., Appellee.**

**No. 4450.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1969.

Decided May 14, 1969.

---

Harold A. Sakayan, Washington, D. C., with whom James C. Gregg, Washington, D. C., was on the brief, for appellant.

A. Slater Clarke, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge.

Appellee, a moving and storage concern, leased a building which it used as a warehouse. In the rear of the building were three doors for loading and unloading, but the center door was regularly used because it had a recessed well which permitted trucks to back into the warehouse to load and unload. The side doors were not so constructed and, if used, goods had to be taken from the truck, placed on the ground and then lifted into the warehouse. Appellant's truck so damaged the center door that a new door had to be installed. Appellee brought this action to recover the damages it suffered. Appellant did not contest liability and the only question at trial and here is the amount of damages.

Appellee made claim for two items of damages: First, for cost of overtime labor required immediately after the accident in rearranging stored goods in order that the side doors could be used; and, second, for additional labor cost resulting from having to use the side doors until a new center door could be installed.[1] The court, sitting without a jury, allowed $190.00 on the first item and $2,258.40 on the second.

■ Appellant's first claim of error relates to the trial court's procedure in reopening the case on its own initiative for the purpose of hearing additional testimony on the issue of whether the delay of eight weeks in obtaining and installing the new door was reasonable. We have held that "a motion to reopen a case and call additional witnesses is directed to the sound dis-

---

1. No claim was made for the cost of the new door, presumably because that was adjusted by appellant with the owner of the building, appellee's lessor.

cretion of the trial judge".[2] If the court can so act on the motion of a party, it may also act on its own motion.[3] The record indicates that the court reopened the case after the parties were not able to reach an agreement as to the reasonable time required.

■ Although counsel for appellant was not notified that the court would take additional testimony at the hearing, we find no prejudice because appellant did not seek a continuance of the hearing, or a further hearing, in order to produce evidence in rebuttal to appellee's evidence.

■ Appellee's operation manager testified that he computed the additional expenses from the company's time cards and payroll records. Exact records were only kept for expenses incurred in rearranging the stored articles in the warehouse. The witness could only approximate the added expenses for additional handling of the goods which were reflected in an increase of $282.30 in the average weekly payroll during the eight-week period. Appellant contends that the evidence of damage could not support the judgment. We do not agree. Where a party is found liable for an injury, the trier of fact must determine, in a "flexible manner" the amount of damages which naturally and proximately resulted from the injury.[4] An injured party will not be precluded from recovering damages because he cannot prove his exact damages. In the present case, the trial court could reasonably have found that the damages claimed were attributable to the wrong, and that the evidence proving the amount of damages, although only approximate, afforded a reasonable basis of computation.[5]

Appellant also contends that the manager's testimony, even if sufficient to support the judgment, was inadmissible because it violated the best-evidence rule. The argument is that the testimony was based upon information contained in the time sheets and payroll accounts kept by appellee and that those documents should have been introduced in evidence. The record does not clearly show that this point was timely made at trial or that the basis for the objection was made known to the court. All the record discloses is that during the course of the witness' testimony, "[o]bjection to the testimony of Mr. Scott as to average weekly payroll was made and overruled".[6] Assuming, however, that the objection was timely and clearly stated, we find no error.

■ Although the payroll accounts were not in court, the time records were in court and they contained the hourly rate of pay of each employee. As far as the record shows, the time records contained all the information from which the payroll accounts were made. "The best-evidence rule is not always an inflexible and unyielding one. A reasonable discretion is vested in the trial court in the application of the rule."[7] This court has recognized that a witness may be allowed to give an abstract or summary from voluminous rec-

2. Mullen v. Peoples Drug Stores, D.C.Mun. App., 124 A.2d 309, 310–311 (1956). *See also* Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624 (1948).

3. *See* Badover v. Guaranty Trust & Savings Bank, 186 Cal. 775, 200 P. 638 (1921).

4. *See* Espaillat v. Berlitz Schools of Languages of America, Inc., 127 U.S.App.D.C. 293, 383 F.2d 220 (1967).

5. Guthrie v. Greenfield, D.C.Mun.App., 109 A.2d 783 (1954) ; District News Co. v. Goldberg, D.C.Mun.App., 107 A.2d 375 (1954) ; Holz v. Coates Motor Co., 206 Va. 894, 147 S.E.2d 152 (1966).

6. The case was brought here on a statement of proceedings and evidence—not on a reporter's transcript.

7. Atchison, Topeka & Santa Fe Ry. v. Jackson, 235 F.2d 390, 394 (10th Cir. 1956). *See also* Herzig v. Swift & Co., 146 F.2d 444 (2nd Cir. 1945), cited with approval in Meyers v. United States, 84 U.S.App.D.C. 101, 171 F.2d 800, 11 A.L.R.2d 1 (1948), cert. denied, 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076 (1949).

ords if the source material is available to the other party.[8] Perhaps the time sheets here for the eight-week period were not so voluminous, but they must have constituted numerous pages. It should be remembered that the witness was testifying to the "average" payroll for the weeks in question and not to the exact amount. The time sheets were in court and were available to appellant's counsel if he questioned the accuracy of the witness' calculations. We think the trial court was well within its discretion in allowing the testimony.

Affirmed.

8. Edmunds v. Frank R. Jelleff, Inc., D.C.Mun.App., 127 A.2d 152 (1956).