**STEUART MOTOR COMPANY,**
a Corporation, Appellant,

v.

**ALLIED TOWING SERVICE, a Corporation, Appellee.**

No. 4639.

District of Columbia Court of Appeals.

Submitted June 9, 1969.

Decided Aug. 7, 1969.

James A. Willey, James A. Crooks, and Joseph W. Crooks, Washington, D. C., for appellant.

Robert Cadeaux, Washington, D. C., entered an appearance for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM.

Appellant repaired appellee's tow truck on two separate occasions and claimed a total of $542.92 for such repairs[1] and $86.56 for auto parts sold and delivered to appellee. Appellee agreed to pay the bill for the parts but contended that appellant's work on the first occasion was negligently and improperly done so as to require a return of the truck for additional repairs which had not been originally required. In addition, appellee claimed damages resulting from loss of proceeds from the rental of the truck to the District of Columbia for use as a snow removal vehicle.

The court below heard testimony from both parties and entered judgment for appellant in the amount of $325. Appellant argues that the mathematics of the case establish that the amount of the judgment was unsupported by the evidence. That is, if the trial court found for appellant, as it did, it was required to award damages either in the amount of $542.92, the total claimed by appellant, or $442.92, that amount less $100 which would credit appellee with loss of use of its truck.

We do not view the evidence of this case as demanding a judgment in the exact amount of the damages claimed. The workmanship of appellant was in dispute at trial and the trial court could reasonably have found that not all the repairs were properly made. Therefore, although the trial court could conclude that appellant was entitled to recover for some of the

5. See Bruce v. United States, 126 U.S. App.D.C. 336, 379 F.2d 113 (1967).

1. The bill for the first repair job on the truck was $73.76 and $469.16 was charged for the second.

work it performed its recovery need not be in the full amount claimed. We conclude that there was a reasonable basis in the evidence for the trial court's computation. See R. S. Willard Co. v. Columbia Van Lines Moving and Storage Co., D.C. App., 253 A.2d 454 (1969).

Affirmed.