PARKING MANAGEMENT, INC., Appellant,

v.

Naomi C. PRIDE, Appellee.

No. 4618.

District of Columbia Court of Appeals.

Argued May 20, 1969.

Decided Oct. 3, 1969.

Herman Miller, Washington, D. C., for appellant.

William A. Mann, Washington, D. C., for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

This is an appeal from a judgment for the plaintiff after a non-jury trial in a negligence action arising from damage to plaintiff's car while on a commercial parking lot.

Appellee left her automobile with an attendant in appellant's parking lot, received a ticket stub and left the lot. When she returned she found her car next to a concrete abutment where the attendant had parked it, with the left front wheel bent inward. The car could not be driven. There was a fresh dent on the hub cap of the bent wheel. The car had passed the District of Columbia inspection shortly before the accident. Appellee filed a complaint for damages in the amount of $300 resulting from the accident.

Essentially, appellant contends that (a) the court's finding for appellee was not supported by the evidence, and (b) the amount of the judgment was unsupported by the evidence.

The trial court specifically declined to accept the testimony of appellant's only witness. Our review of the record shows the finding of the trial court on appellant's liability for the damage to the car was supported by substantial evidence and was not clearly erroneous. This is the limit of the scope of our review. D.C.Code 1967, § 17–305(a); Richardson v. J. C. Flood Co., D.C.App., 190 A.2d 259, 261 (1963).

While the computation of the trial court in arriving at the amount of the judgment is not clear, in this case this is not cause for reversal. In her complaint, appellee claimed damages in the amount of $300. She testified at the trial that she incurred damages in the amount of $518.19; and that this amount was comprised of $68.19 for automobile repairs, $150.00 for car storage, and $300.00 for her transportation expenses to and from work.

It is evident that in rendering judgment in the amount of $140, the court to some extent approximated the damages to which appellee was entitled. We think the trial court reasonably could have found that damages in this amount were attributable to the wrong suffered by appellee. Cf. R. S. Willard Co. v. Columbia Van Lines Moving and Storage Co., D.C.App., 253 A. 2d 454 (1969); District News Co. v. Goldberg, D.C.Mun.App., 107 A.2d 375 (1954).

Affirmed.