Glenwood **EDMONSON** and Gloria Edmonson,
Appellants,

v.

Robert **MOSLEY,** t/a Robert Mosley Building
Construction Company, Appellee.

No. 4713.

District of Columbia Court of Appeals.

Argued Sept. 30, 1969.

Decided Dec. 3, 1969.

Barrington D. Parker, Washington, D. C., for appellants.

Dorsey Evans, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This home-construction contract case presents the question whether the contractor must obtain release of all liens arising out of the contract in advance of settlement and final payment or whether such release, under the contract, can be accomplished simultaneously with final payment at settlement. The dispute arises out of a contract between the Edmonson couple, the so-called owners, and Mosley, the contractor, wherein Mr. Edmonson, an architectural engineer, supplied plans and specifications for his new home and Mosley undertook construction. As construction neared completion, the Edmonsons took possession of the house when they entered to paint the interior as provided in the specifications. The Edmonsons maintained that they would not attend a settlement conference at which final payment was to be made because Mosley had not earlier furnished a release of liens. Mosley then brought this action seeking $6,995.20, the balance due under the contract. The jury verdict

was for that amount and this appeal narrows the issues to whether the release of liens provision of the contract was an absolute defense requiring a directed verdict at the end of plaintiff Mosley's case, or whether there was a fact question regarding breach of contract by failure to submit presettlement release of liens. We hold that the trial court did not err in submitting that issue to the jury, and accordingly, we affirm.

The pertinent provision of the contract provides:

> The final payment shall not be due until the Contractor has delivered to the Owner a complete release of all liens arising out of this contract, or receipts in full covering all labor and materials for which a lien could be filed, or a bond satisfactory to the Owner indemnifying him against any lien.

Appellants argue that the provision is clear and unambiguous. Appellee urges that (1) as to the timing of the tender of the release of liens, the contract is uncertain, and (2) parol evidence of custom reflecting simultaneous compliance was properly admitted and supports the implied jury finding that Mosley did not breach the contract. We agree with appellee.

■ This contract does not specify that a release of liens must be received by appellants for a given length of time before appellants' obligation to pay arises. Where the language of the contract does not specifically envision the contemplated transaction, the trial court may look to extrinsic evidence of intent of the parties to ascertain what was meant. Dixon v. Wilson, D.C.App., 192 A.2d 289, 291 (1963); Homes Oil Realty Co. v. Hechinger Properties Co., D.C.Mun.App., 182 A.2d 62, 63 (1962). Absent evidence showing that the parties, at the time of executing the contract, contemplated a provision *not* in conformity with the custom of the trade, that custom is deemed to have been intended. Beneficial Fire and Casualty Ins. Co. v. Kurt Hitke & Co., 46 Cal.2d 517, 521, 522, 297 P.2d 428, 432, 433 (1956). Appellants urge that the word "delivered" connotes a time lag between lien discharge and settlement and thus precludes receipt of evidence to the contrary. We disagree.

Mr. Edmonson is an architectural engineer and the standard form contract which he supplied bears a lengthy copyright by the American Institute of Architects. Mr. Mosley merely filled in the blanks.

■ The evidence received, reflecting the custom of the trade concerning contemplated final settlement of accounts by both parties, was sufficient for the jury to conclude that both parties intended to meet together and simultaneously exchange documents discharging their obligations. Contemporary commercial transactions of this kind transpire every day during so-called settlement conferences. Uncomplicated procedures are uniformly used to insure discharge of liens and transfer of title at the instant of final payment.[1]

Accordingly, the judgment of the trial court is

Affirmed.

---

1. Moreover, such procedure will insure continued preference of the lien-holder in relation to subsequent liens until discharge and final payment. A previously executed release might force the creditor to suit for enforcement of his claim and possibly deny him previously acquired priority.