CONSTRUCTION SERVICES, INC., a corporation, Appellant,

v.

MARTY'S FLOOR COVERING CO., Inc., a corporation, Appellee.

No. 4693.

District of Columbia Court of Appeals.

Argued July 28, 1969.

Decided Dec. 12, 1969.

**834** ■

Paul H. Weinstein, Washington, D. C., for appellant. H. Thomas Sisk, M. Michael Cramer and Laurence Levitan, Washington, D. C., also entered appearances for appellant.

Richard A. Bartl, Washington, D. C., for appellee. James I. Burkhardt, Alexandria, Va., was on the brief for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge.

This is an appeal from a judgment of the trial court for appellee in the amount of its claim for extra labor costs under a contract with appellant. In July 1964, appellant entered into a prime contract with the General Services Administration to perform alterations on the Commerce Building. Appellant subcontracted a portion of the floor covering work to appellee under a fixed-price subcontract in the amount of $9,339.00. Shortly thereafter appellee was requested by appellant to perform its work at night rather than during the day. Appellant was informed by letter that the night work could be performed for an extra labor charge of from $2,000 to $2,500, and gave appellee the "go ahead."

After completing the work appellee submitted a bill for $1,840.00, representing extra labor expenditures incurred as the result of working at night. Appellant included this amount in a claim presented to GSA under the provisions of the prime contract; however, the GSA hearing officer determined, after an audit of the claim, that the additional expense resulting from doing the work at night amounted to only $143.23. Thereupon appellant refused to pay the bill for $1,840.00, claiming that the method appellee used to compute its extra expense was unreasonable and incorrect as a matter of law, and that the GSA finding bound appellee to the $143.23 sum.

Appellee filed suit in the court below alleging breach of contract for failure to pay the $1,840.00. As proof of the amount due, appellee introduced its own computation, subtracting the amount included for labor in the original fixed-price subcontract with appellant from the actual amount expended. The figures were supported by payroll records. Appellant argued that this method of computing the extra labor costs involved in working at night was unreasonable and inaccurate as compared with the GSA audit. Sitting without a jury, the trial court found that the parties had entered into a contract for "night work", subsequent to the original subcontract, to cost an estimated extra $2,000.00 to $2,500.00; that the payroll records of appellee company showed that the extra cost for labor was $1,840.00; and that appellee was not in privity with the Government and therefore not bound by the GSA hearing officer's determination. It entered a trial finding and judgment for appellee in the amount of $1,840.00.

Appellant argues, in essence: (1) That the amount found by GSA to be appropriate should be the correct measure of damages; and (2) that the method used to compute the extra labor cost was unreasonable and incorrect as a matter of law, since the amount included for labor

in the original subcontract was merely an estimate made by appellee.

We do not agree with appellant. It is clear, in the first instance, that appellee was not bound by the GSA hearing officer's finding. As a subcontractor with a government prime contractor, it was not in privity with the Government. Compare Severin v. United States, 99 Ct.Cl. 435, 442 (1943), cert. denied 322 U.S. 733, 64 S.Ct. 1045, 88 L.Ed. 1567 (1944). Moreover, appellee had no control over the presentation of appellant's claim to GSA, and we have no way of knowing the reason for the large discrepancy between the amount its hearing officer computed and the amount found to be owing by the trial court.

The first question need not detain us, however, for we agree that the amount arrived at is the correct one. The method employed by appellee to compute the amount due was, perhaps, not the most exact. But "[a]n injured party will not be precluded from recovering damages because he cannot prove his exact damages." R. S. Willard Co. v. Columbia Van Lines Moving and Storage Co., D.C.App., 253 A.2d 454, 456 (1969). The amount included in the original subcontract was a "fixed price" for labor, not merely an estimate. Subtracting that amount from the total amount expended, after a new contract price for labor had been agreed to by the parties, was, under the circumstances, not an unreasonable way to compute the extra labor cost. Appellee's president estimated that about 95 percent of its work had been required to be done at night. The expense of night labor is doubtless higher than day labor because of various factors, among them inefficiency due to tired workmen, as appellee contended. It is worth noting that the extra labor cost figure was substantially lower than the additional cost approximated in the supplemental agreement for night work.

Accordingly, the judgment is

Affirmed.