262 A.2d 344 (1970)
Kenneth Leo FOWLER and Flora D. Fowler, Appellants,
v.
A & A COMPANY and William R. O'Roark, Appellees.
A & A COMPANY and William R. O'Roark, Appellants,
v.
Kenneth Leo FOWLER and Flora D. Fowler, and Washington Waterproofing Company, Inc., Appellees.
Nos. 4800, 4801.
District of Columbia Court of Appeals.
Argued October 7, 1969.
Decided February 20, 1970.
*346 Flora D. Fowler, pro se, with whom Kenneth Leo Fowler, pro se, was on the brief for appellants in No. 4800, and for appellees Fowler in No. 4801.
Paul M. Parent, Silver Spring, Md., for appellees in No. 4800 and for appellants in No. 4801.
Before KELLY, KERN and NEBEKER, Associate Judges.
NEBEKER, Associate Judge.
These cases arise from a breach of a home-improvement contract to waterproof the basement of a home located in Maryland and belonging to the Fowlers. The contract, dated February 22, 1961, contained a handwritten statement providing that the "work" was guaranteed for 5 years. Suit was filed against O'Roark and the A & A Company[1] on February 18, 1966. O'Roark filed a third-party complaint against Washington Waterproofing Company on April 19, 1966. The latter *347 had agreed with O'Roark by written contract dated February 24, 1961, to do the waterproofing work. That form-contract provided:
The above work is covered by our standard (5) year guarantee against penetration of water through surfaces treated by us. * * *
The trial court ruled that the statute of limitations did not bar the Fowlers' action. It also dismissed the third-party complaint and disallowed a claim by the Fowlers for loss of use.[2]
The waterproofing entailed extensive cement work and installation of a sub-surface drain and pump. It was completed on March 10, 1961. The basement wetness returned about 15 months later in June, 1962. O'Roark was notified and repeatedly promised to correct the defects. Thereafter, the Fowlers sent a letter, dated June 5, 1963, demanding performance of the contract within 5 days. It then became apparent that O'Roark would not correct the defect. These actions were subsequently brought as outlined above.
O'Roark maintains that this action is barred by the Maryland statute of limitations which, he says, began to run from the date the wetness in the basement recurred  i.e., June, 1962. We disagree. Maryland has held that their statute of limitations bars only the remedy in a contract action, Frank v. Wareheim, 177 Md. 43, 7 A.2d 186, 191, 193 (1939), and as such is a procedural bar only. Mandru v. Ashby, 108 Md. 693, 71 A. 312 (1908). Since the laws of the forum always apply to matters of procedure, Namerdy v. Generalcar, D.C.App., 217 A.2d 109, 113 (1966), we hold that the trial court properly applied the District of Columbia 3-year statute of limitations.[3] We also hold that the trial court did not err in ruling that the statute began to run from the date O'Roark breached the contract by failing to correct the defect on demand  i.e., June 10, 1963.
The statute of limitations begins to run in the District of Columbia from the date a contract is breached. Foley Corp. v. Dove, D.C.Mun.App., 101 A.2d 841, 842 (1954). Breach is "an unjustified failure to perform all or any part of what is promised in a contract" entitling the injured party to damages. Davenport Osteopathic Hospital Association v. Hospital Service, Inc., Iowa, 154 N.W.2d 153, 162 (1967); Restatement of contracts § 314 (1932); Simpson, Contracts, § 159 (2d ed. 1965); 17 Am.Jur.2d Contracts § 441 (1964). But only where the breach is material  that is, receiving something "substantially less or different from that for which he bargained"[4]  is one able to elect the alternative rights and the remedies available to him. Sitlington v. Fulton, 281 F.2d 552, 555 (10th Cir. 1960); Schnepf v. Thomas L. McNamara, Inc., 354 Mich. 393, 93 N.W.2d 230, 232 (1958); 17 Am.Jur.2d Contracts § 447 (1964).
Here it is clear that in June, 1962, the contract was materially breached when wetness returned.[5] The Fowlers could have then sued to recover damages including cost of repair. However, the guarantee provision is, as most provisions are, clearly a promise to do whatever is necessary, including repair of improperly performed work, to provide the guaranteed dry basement. The Fowlers elected to pursue this right under their contract and they clearly had that option. Sitlington v. Fulton, supra; Restatement of Contracts §§ 314 and 327, Comment (b) (1932); 17 Am.Jur.2d Contracts § 447 (1964). They *348 contacted O'Roark who, on numerous occasions, promised to correct the defect. Only after June 10, 1963, was it apparent that O'Roark had totally repudiated[6] the contract. Accordingly, the statute of limitations began to run against the repudiation of the promise to maintain dryness on June 10, 1963, and the suit was timely commenced.
O'Roark also contends that the warranty provision in the contract was not a guarantee of a dry basement. The contract provides that O'Roark would furnish all labor and material to break up and replace the floors all around the basement walls, install drain tile, gravel, and a pump. It then stated, "Work guaranteed for 5 years." The trial court found that the warranty clause was ambiguous and allowed the parties to introduce evidence of the surrounding circumstances to aid in its interpretation.
In construing a contract where the laws of two jurisdictions are involved, the forum applies the law of the state which has the "more substantial interest in the resolution of the issue."[7] Normally, this would be the law of the state where the contract was executed. Young v. State Farm Mutual Automobile Insurance Co., D.C.App., 213 A.2d 890, 891 (1965). But in this area of contract law, both Maryland and the District of Columbia are the same.[8] They allow the parties to present evidence of surrounding circumstances where the trial court has found the contract provision ambiguous.
The evidence presented by the Fowlers on this question was substantial. The issues of fact were resolved by the court which found that the clause warranted a dry basement. That determination not being plainly wrong, we sustain the finding. D.C.Code 1967, § 17-305. Freas v. Gitomer, D.C.App., 256 A.2d 573, 574 (1969). See also cases cited therein. In so doing, we note that the interpretation given the guarantee provision in the Fowlers' contract is consistent with the more explicit guarantee in the Washington Waterproofing Co., Inc. form-contract. Cf. Edmonson v. Mosley, D.C.App., 259 A. 2d 110 (decided December 3, 1969, slip opinion at 3).
O'Roark also contends that the third-party complaint should not have been dismissed. We disagree. O'Roark subcontracted the actual performance of the work to Washington Waterproofing Co., Inc., who in turn warranted the work. Thus, when wetness recurred in June, 1962, Washington's warranty was breached and had demand been made of it to make good its implied promise to return and improve upon its previous work, it, like O'Roark, would have been obliged to do so under pain of total abrogation. But the trial court found as a fact that O'Roark "made no demand upon [Washington] to rectify any part of its work following the complaint of the [Fowlers] that the work *349 had been improperly done and that the basement was again damp." That finding is not plainly erroneous and we cannot upset it. This failure established June, 1962, as the date on which the statute of limitations began to run as between O'Roak and Washington. Accordingly, the third-party complaint, filed April 19, 1966, was well outside the statutory three-year period.
We come finally to the Fowlers' claim that their damages were measured improperly. The measure of damages in a "conflict case" is governed by the same considerations which apply in determining the law applicable to the substance of the contract. There being no substantial interest or public policy of the District of Columbia involved, we apply the law of Maryland.
O'Roark asserts that Correlli Roofing Co. v. National Instrument Co., 240 Md. 627, 214 A.2d 919 (1965), precludes recovery of damages for injury to personal property which were the result of the breach. That is not so; the underlying contract in that case disclaimed liability to personal property damage. There is no such clause in this contract before this court.
Both Maryland and the District of Columbia recognize the damages rule established in Hadley v. Baxendale, 9 Exch. 341 (1854).[9] It provided:
When two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i.e., according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it.
On the record before the trial court there was sufficient evidence to sustain the finding that the damage done to the personalty was a direct and proximate result of the breach.
The amount recoverable where there is no evidence of fair market value of the personalty both before and after the breach can be established by the testimony of the owners of its actual value to them. Smith v. Potomac Electric Power Co., 236 Md. 51, 202 A.2d 604 (1964); Smith's Transfer & Storage Co. v. Batigne, D.C. Mun.App., 34 A.2d 705, 709 (1943). The trial court heard this testimony and made its assessment. We find no error.
We agree with the trial court that the evidence offered by the Fowlers to prove loss of use was inadequate. Evidence to establish the rental value must be legally relevant in time to the date the damage was incurred. 31A C.J.S. Evidence § 182(6) (1964). Testimony relating to the basement rental value some three years after that date was therefore properly excluded. The newspaper advertisements sought to be used as evidence of damages for loss of use had no foundation connecting them with basement apartments of the same or similar nature as that of the Fowlers. Accordingly, that evidence was properly rejected. The trial court cannot award damages on speculation and properly denied recovery of this claim. Cf. District News Co. v. Goldberg, D.C. Mun.App., 107 A.2d 375, 377 (1954); Stern v. Ace Wrecking Co., D.C.Mun.App., 38 A.2d 626, 627 (1944). The judgment *350 against O'Roark, the assessment of damages in favor of the Fowlers, and the dismissal of the third-party complaint are, therefore,
Affirmed.
KELLY, A.J., concurs in the result.
NOTES
[1] Hereafter, reference to O'Roark includes the A & A Company.
[2] O'Roark failed to plead the defense of mitigation of damages, and we do not consider the point in these appeals. GS Civil Rule 8(c).
[3] D.C.Code 1967, § 12-301(7).
[4] Simpson, supra at § 159.
[5] See the discussion, infra, where we reject O'Roark's contention that his handwritten 5-year guarantee does not warrant a dry basement.
[6] Upon total repudiation of the contract one no longer has the election of continuing the contract but must timely enforce his rights through available legal remedies. Bu-Vi-Bar Petroleum Corp. v. Krow, 40 F.2d 488, 490, 69 A.L.R. 1295 (10th Cir. 1930); 17 Am.Jur.2d Contracts, § 444, (1964); Simpson, Contracts, § 187 (1965).
[7] McCrossin v. Hicks Chevrolet, Inc., D.C. App., 248 A.2d 917, 921 (1969). See also Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 322, 379 F.2d 94, 99 (1967); Dovell v. Arundel Supply Corp., 124 U.S.App. D.C. 89, 90, 361 F.2d 543, 544 (1966).
[8] Compare Schapiro v. Jefferson, 203 Md. 372, 100 A.2d 794, 797 (1953); Slice v. Carozza Properties, Inc., 215 Md. 357, 137 A.2d 687, 693 (1958); Belmont Clothes, Inc. v. Pleet, 229 Md., 462, 184 A.2d 731, 734 (1962); Cadem v. Nanna, 243 Md. 536, 221 A.2d 703, 707 (1966) with Harten v. Loffler, 29 App.D.C. 490, 503 (1907), aff'd, 212 U.S. 397, 29 S.Ct. 351, 53 L.Ed. 568 (1909); Green v. Obergfell, 73 App.D.C. 298, 311, 121 F.2d 46, 59, 138 A.L.R. 258 (1941); Minmar Builders, Inc. v. Beltway Excavators, Inc., D.C.App., 246 A.2d 784, 786 (1968).
[9] Compare Winslow Elevator & Machine Co. v. Hoffman, 107 Md. 621, 69 A. 394, 396, 17 L.R.A., N.S., 1130 (1908); Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co. v. Messenger, 181 Md. 295, 29 A.2d 653 (1943), with Fries, Beall & Sharp Co. v. Livingstone, 56 App. D.C. 209, 210, 12 F.2d 150, 151 (1926); Thompson v. Rector, 83 U.S.App.D.C. 371, 373, 170 F.2d 167, 169 (1948); Guthrie v. Greenfield, D.C.Mun.App., 109 A.2d 783, 789 (1954); and Haviland v. Dawson, D.C.App., 210 A.2d 551, 553 (1965).