Elizabeth S. THURSTON, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 87–1271.

United States District Court, District of Columbia.

April 25, 1988.

Jamie S. Gorelick, Washington, D.C., for plaintiff [appointed by the Court].

Diane M. Sullivan, Asst. U.S. Atty., Washington, D.C., for defendants.

MEMORANDUM

GESELL, District Judge.

This is a civil action seeking damages and equitable relief arising out of plaintiff's allegations that she has been illegally deprived of survivor annuity benefits to which she was entitled under her husband's Foreign Service "Election of Annuity Benefits" contract following his death. Defendants have moved to dismiss the amended complaint and the issues have been thoroughly briefed.

The original complaint was filed with this Court by plaintiff, pro se, on May 11, 1987. After able counsel for plaintiff was in place, an amended complaint was filed December 16, 1987 alleging a series of ten separate claims.

Plaintiff and her husband served together abroad in the United States Foreign Service in numerous foreign countries between July, 1937 and January, 1969. He retired on January 14, 1969, and on January 28, 1970, he obtained a divorce from plaintiff under a Nevada decree. The United States Department of State was advised of the contemplated divorce as early as June, 1969 and at that time informed plaintiff that "in the event of a final decree, you will not be eligible to receive the widow's annuities in the event of your husband's prior death." Defendant's Exhibit A. The Department confirmed this position to plaintiff in writing in 1970 and again on April 27, 1971, at which time plaintiff was represented by other counsel. *See* Defendant's Exhibit B. Plaintiff's former husband, who remarried shortly after their divorce, died on May 12, 1981 and his second wife has received the survivor annuity payments.

The amended complaint alleges breach of contract claims in counts VIII and IX. The parties are agreed that these claims fall under the exclusive jurisdiction of the Claims Court. The remaining eight claims are framed under the Administrative Procedure Act, the Constitution, the Anti–Deficiency Act and in tort. The motion to dismiss all counts is primarily directed to whether these actions are barred by the applicable statutes of limitations and by the exclusive jurisdiction of the Claims Court over contract claims against the United States exceeding $10,000.

*Counts VIII and IX: Contract and Third-party Beneficiary Claims*

█ As to the contract claims, counts VIII and IX, plaintiff filed suit just under the six-year statute of limitations, assuming that the pertinent date runs on these claims from plaintiff's husband's death on May 12, 1981, the time when it can be said the contract rights of action accrued. Prior to that time, although aware of the position of the Department of State, plaintiff was confronted only with an anticipated but conjectural breach of contract of her former husband; and, therefore, her right under the contract had clearly not accrued. Thus, as to these contract claims, subject to further consideration by the Claims Court, the Court is of the view that the claims should be sustained. It appears to the Court that the appropriate step to take as to counts VIII and IX is to transfer these claims to the Claims Court for its full consideration in all respects. The interests of justice will be so served and the Court's power to transfer is clear. *See Keller v. Merit Systems Protection Board,* 679 F.2d 220, 223 (11th Cir.1982).

*Counts I and II: Violations of Administrative Procedure Act*

█ Counts I and II of the Amended Complaint, brought pursuant to section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, are framed as claims for declaratory judgment, injunction and mandamus seeking redress for arbitrary and capricious agency action. The existence of Tucker Act jurisdiction over the contract claims, however, presents certain bars to relief against the United States under the APA because section 702's waiver of federal sovereign immunity is withdrawn by the second proviso to section 702 where "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." One such bar exists where claims are characterized as mandamus actions, or as requests for de-

claratory or injunctive relief, but are in fact disguised contract claims which properly belong within the exclusive jurisdiction of the Claims Court. *See Megapulse, Inc. v. Lewis,* 672 F.2d 959, 968 (D.C.Cir.1982). Thus, if counts I and II are in reality contract claims for purposes of the Tucker Act, this Court has no jurisdiction over those claims.

"Whether a claim is one 'founded upon' a contract for purposes of the Tucker Act 'depends both on the source of the rights upon which the plaintiff bases its claim, and upon the type of relief sought (or appropriate).' *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 968 (D.C.Cir.1982)." *Spectrum Leasing Corp. v. United States,* 764 F.2d 891, 893 (D.C.Cir.1985). Here, the essential basis for Mrs. Thurston's APA claims is directly founded upon the contract entered into by her husband with the Department of State on January 13, 1969 and her rights under that contract. *See* Amended Complaint ¶ 20. The rights asserted were created under the contract and are dependent on it. In addition, the relief sought is essentially equivalent to classic contractual remedies—i.e., money damages and specific performance. Plaintiff's APA claims, therefore, are barred by the Tucker Act. Moreover, section 704 of the APA itself states that judicial review is inappropriate where there exists some "other adequate remedy in a court" and this Circuit has held that the availability of a remedy in the Claims Court may be just such an adequate remedy. *See International Engineering Co., Division of A-T-O, Inc. v. Richardson,* 512 F.2d 573, 580–81 (D.C.Cir.1975).

### Counts III, IV and V: Violations of Equal Protection, Due Process and Compensation Clauses

■ As to Counts III and IV, the violations of constitutional rights asserted emanate from the State Department's interpretation of the annuity benefits contract and amendments of the Foreign Service Act affecting those benefits. Plaintiff requests declaratory, injunctive and mandatory relief—extreme measures which would require the Court to, in essence, declare the United States in breach of its contractual obligations, issue an injunction compelling the United States to fulfill its contract obligations and order the United States to release and make restitution for all annuity payments it has withheld. Such extreme relief is inappropriate where other fair and adequate remedies are available and the real relief sought is basically monetary. This contract case properly belongs in the Claims Court where Mrs. Thurston's interests will be fully protected by the availability of fair and adequate remedies based on her contract claims.

Count V is based on the fifth amendment compensation clause. Mrs. Thurston alleges that the Department of State denied her her property rights under the annuity benefits contract without just compensation; there is no claim that any official of the Department of State acted outside the scope of their authorized discretion in interpreting the contract and later amendments of the Foreign Service Act affecting it. The Supreme Court has held that where fair and adequate relief for claims based on the just compensation clause is available in the Claims Court, fifth amendment takings claims will not be recognized. *See Larson v. Domestic & Foreign Corp.,* 337 U.S. 682, 697 n. 18, 69 S.Ct. 1457, 1465, n. 18, 93 L.Ed. 1628 (1949); *Ramirez de Arellano v. Weinberger,* 745 F.2d 1500, 1526 (D.C.Cir. 1984). Accordingly, because such fair and adequate relief is available in the Claims Court, plaintiff's just compensation claim will be transferred by this Court to the Claims Court along with counts VIII and IX.

### Count VI: Conversion

The success of Mrs. Thurston's conversion claim essentially depends on proof of the contractual claim. Since jurisdiction over the asserted contract claims lies exclusively in the Claims Court and relief under the contract claims adequately redresses the conversion claim, no purpose is served by having this Court retain jurisdiction over the conversion claim while the Claims Court determines the contract claims. Such piecemeal adjudication would serve neither the interest of justice nor judicial economy.

*Count VII: Negligent, Reckless, and Intentional Infliction of Emotional Distress*

 Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See also* 22 C.F.R. § 31.1 (1987) (regulations setting out written notice requirements for tort suits brought against the Department of State). Satisfaction of this notice provision is a jurisdictional prerequisite to bringing a tort claim against the United States. Mrs. Thurston has not satisfied this prerequisite by submitting written information sufficient to permit the Department of State to investigate, evaluate and consider settlement of the tort claim. Consequently, her tort claim is jurisdictionally barred.

*Count X: Anti–Deficiency Act Violation*

The Anti–Deficiency Act, 31 U.S.C. §§ 1342, 1351, explicitly sets forth procedures for reporting violations of the Act and enforcing its provisions. *See* § 1351. No private right of action for declaratory, mandatory or injunctive relief exists under this statute and Mrs. Thurston, therefore, may not maintain this count.

Finally, as to plaintiff's equity claim for prospective relief, this claim is premature. Not only may it be advanced if and when her contract right is established but it may well be that the Claims Court may grant her assistance in this regard in the form of the incidental equitable relief available in that Court should she prevail on the underlying contract claim.

Accordingly, the Court is of the that view counts V, VIII and IX should be transferred to the Claims Court, the remaining claims should be dismissed and the motion to dismiss granted as to each of the remaining claims. An appropriate Order is attached.