**Mark M. AKINS, Plaintiff,**

v.

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
et al., Defendants.**

**Civ. A. No. 89–0005.**

United States District Court,
District of Columbia.

Jan. 26, 1990.

William P. Dale and Carolyn Mensi Petralia, Washington, D.C., for plaintiff.

Mark R. Pohl, Robert J. Kniaz, Gerard J. Stief and Robert L. Polk, Washington, D.C., for defendant WMATA.

William L. Gardner, Judith C. Preston and Grace E. Speights, Washington, D.C., for Mut. Benefit Life Ins.

## MEMORANDUM

GESELL, District Judge.

In this dispute over an insurance contract, the plaintiff, Mark Akins, and the defendants, Washington Metropolitan Area Transit Authority ("WMATA") and Mutual Benefit Life Insurance Company ("Mutu-al"), have all moved for summary judgment. The motions have been briefed and orally argued.

Plaintiff worked for WMATA from 1967 to 1984. Pursuant to his employment, he was eligible for and obtained optional long-term disability insurance. In 1973, WMA-TA arranged with Mutual to provide this insurance for its employees, replacing another insurer.

Akins was covered by this Mutual policy when, on May 11, 1982, he was robbed by an assailant, who stabbed him in the chest. The knife pierced his heart, and he required emergency surgery.

Following the stabbing and his release from the hospital, Akins experienced fatigue, inability to concentrate, shortness of breath, and chest pains. He returned to work in June 1982 but was never able fully to resume his duties.

On December 18, 1983, Akins applied for disability benefits pursuant to his policy with Mutual. He submitted an Attending Physician's Statement of Disability from Dr. William Flynn, a psychiatrist. Flynn diagnosed Akins as having a mental disorder and prescribed psychotherapy. He stated that Akins was unable to work, make decisions, or deal with stress and suffered memory lapses and problems with interpersonal relations. The findings of several other physicians and psychologists support Dr. Flynn's conclusions.

The record is clear that it was the stabbing and not some prior or intervening factor that triggered Akins' mental disability. Dr. Flynn's Statement of Disability indicated that Akins' problems arose "following his stabbing," and he elsewhere indicated that Akins, in October 1983, remained "preoccupied with details of the attack." Dr. Flynn has subsequently diagnosed Akins as suffering from post-traumatic stress disorder.

Akin's policy with Mutual provides that an employee who becomes "totally disabled ... as a result of accidental bodily injury [or] sickness" is entitled to benefits of about 60 percent of his salary until age 65. However, Section B7 of the policy states

that the policy provisions "do not provide benefits for ... any total disability caused by ... mental or nervous disease or disorder" except that a person suffering from "disability due to ... mental or nervous disease or disorder" is entitled to 24 months of benefits.

Mutual began paying Akins benefits pursuant to the policy on January 14, 1984. However, by letter dated April 23, 1984, Mutual advised Akins that because his "main disabling condition" was "psychological in nature," benefits would be terminated on January 13, 1986—or sooner if Akins overcame his disability.

On January 13, 1986, Mutual ceased paying Akins benefits. On January 3, 1989, Akins filed the present action.

Akins asserts that Mutual breached its insurance contract by failing to continue payments through age 65. He also argues that WMATA breached its employment contract with him by switching him to Mutual without making clear to him that Mutual, unlike the previous carrier, limited benefits for mental disabilities. As Akins acknowledges, his two contract claims are mutually exclusive; if Mutual has breached its contract with Akins, then WMATA has not breached its alleged contract.[1]

■ Before addressing the merits, the Court must consider Mutual's claim that Akins failed to sue within the three-year District of Columbia statute of limitations period on contract actions. D.C.Code § 12–301(7).

Akins filed suit within three years of the 1986 termination of benefits but not within three years of the 1984 notification by Mutual of its intention to terminate benefits in two years.

■ A limitations period on a contract action runs from the time the contract is breached. *See, e.g., Western Union Telegraph Co. v. Massman Construction Co.*, 402 A.2d 1275 (D.C.1979); *Fowler v. A & A Co.*, 262 A.2d 344 (D.C.1970).

Akins cites this Court's opinion in *Thurston v. U.S.*, 696 F.Supp. 680 (D.D.C.1988), in which the State Department advised a Foreign Service wife contesting divorce that if and when her divorce became final, she would be ineligible for widow's benefits upon her ex-husband's death. When the ex-husband died, the Department paid the widow's benefits to his second wife, and the first wife sued. The Court held that the statute of limitations on the first wife's claim did not run from the time of the original notification, because although it made the wife aware of the Department's position, it represented "an anticipated but conjectural breach."

The reasoning of *Thurston* is equally applicable here. Mutual's letter announced its interpretation of the contract as applied to Akins' contemporaneous situation. But as the letter suggested, that situation was subject to change. Akins might have overcome his disability within the two years. His doctors might have discovered a physical disability arising from the stabbing or some intervening cause. He might have died. Meanwhile, Mutual was paying out under the contract. A divergence between Akins' interpretation of the contract—i.e. that he was entitled to payment until age 65—and Mutual's performance was only conjectural until January 1986 when Mutual ceased payment. That is when the breach occurred. Plaintiffs should not be encouraged by judicial decisions to sue whenever a breach becomes a mere possibility. Thus Akins' complaint was timely filed, and the Court proceeds to consider the merits of Akins' claim against Mutual.

■ Mutual does not dispute that Akins was totally disabled within the meaning of the policy at the time he applied for benefits in 1983 or when payments ceased in 1986. The only dispute is whether his disability is of the type for which the policy requires benefits until age 65.

---

**1.** Akins' complaint also contained an ERISA claim that he has since abandoned, conceding that WMATA is a governmental entity and therefore exempt from the applicable ERISA provisions. The Court grants Mutual's and WMATA's motions for summary judgment with respect to this claim.

The Court concludes that the policy must be interpreted to provide benefits to age 65 for the type of disability suffered by Akins.

The policy clearly provides for benefits to age 65 for all disabilities that are the "result of" physical injury, not merely for physical disabilities. Similarly, the policy limits benefits to 24 months for disabilities "caused by ... a mental or nervous disease or disorder," not for mental disabilities caused by physical injury.

Ambiguities in an insurance contract must be resolved against the insurer, the drafter of the policy. *Continental Casualty Co. v. Beelar*, 405 F.2d 377, 387 (D.C. Cir.1968). If there are several reasonable interpretations of a policy, the Court should generally adopt the one favoring coverage. *Id. See also Carley Capital Group v. Fireman's Fund Insurance Co.*, 877 F.2d 78, 81 (D.C.Cir.1989) (interpreting Pennsylvania law).

The policy provisions, from Mutual's side, are at best ambiguous. They appear to cover mental disabilities caused by physical injury. Certainly that is a reasonable interpretation of the policy. Therefore, the policy must be read to cover Akins' disability to age 65. The stabbing—a physical injury—triggered Akins' mental disability. *See Prince v. United States Insurance Co.*, 42 Misc.2d 410, 248 N.Y.S.2d 336 (N.Y. Sup.Ct.1964), *aff'd*, 23 A.D.2d 723, 257 N.Y. S.2d 891 (1965), *aff'd*, 17 N.Y.2d 742, 270 N.Y.S.2d 209, 217 N.E.2d 33 (1966).

For the foregoing reasons Akins is entitled to summary judgment against Mutual on his contract claim. In light of Mutual's liability on the contract, WMATA is entitled to summary judgment on Akins' contract claim against it.

■ Akins' complaint sought damages amounting to the total benefits he would have received had he been paid under the policy from January 1986 until his 65 birthday in 1994. However, the Court concludes that the proper remedy must be partly equitable in nature.

Under the terms of the policy, Akins must periodically be reexamined at Mutual's request to determine if he is still disabled. The possibility that he might overcome his disability or die before 1994 requires that Mutual be directed to restore Akins to the benefit rolls, as of January 1986, not pay him a lump sum for future coverage.

■ Only benefits from January 1986 to the present, plus interest, must be paid now. Mutual may not avoid liability for these past benefits by arguing that Akins was not disabled for all or part of the period, because Akins cannot be expected to reconstruct his past, and Mutual's erroneous interpretation is responsible for the present situation. Mutual's obligation to pay future benefits, however, is dependent upon Akins' continued disability. A requirement by Mutual that Akins obtain a prompt medical examination, like that required of other beneficiaries, to determine continued eligibility is not unreasonable.

Considering the unusual circumstances of this case, the parties shall bear their own costs.

Akins and Mutual are directed promptly to submit a joint Form of Judgment to the Court fixing the amounts Mutual owes Akins and the schedule for payment.

A separate Order accompanies this Memorandum.

### ORDER

Upon consideration of the cross-motions for summary judgment and the oppositions thereto, and for the reasons stated in the accompanying Memorandum, it is hereby

ORDERED that plaintiff Mark Akins' Motion for Summary Judgment is denied as to the claims in Count I and II of the complaint and granted as to the claim in Count III; and it is further

ORDERED defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment is granted; and it is further

ORDERED that defendant Mutual Benefit Life Insurance Company's ("Mutual") Motion for Summary Judgment is granted as to Count II and denied as to Count III; and it is further

ORDERED that Mutual shall immediately restore Akins to the rolls of persons covered pursuant to his Mutual long-term disability insurance policy; and it is further

ORDERED that Mutual shall pay Akins a lump sum equalling the benefits that would have been provided Akins had he remained on the benefit rolls to the present time plus interest; and it is further

ORDERED that the parties shall bear their own costs; and it is further

ORDERED that Akins and Mutual shall promptly submit a joint Form of Judgment to the Court fixing the amounts owed and the schedule for payment.